**Ellsi CAMPBELL, Jr., Former Collector of Internal Revenue for the Second Collection District of Texas, Appellant,**

v.

**P. G. LAKE, Appellee.**

**No. 14989.**

United States Court of Appeals, Fifth Circuit.

March 25, 1955.

Rehearing Denied May 30, 1955.

C. Moxley Featherston, Ellis N. Slack, Sp. Assts. to Atty. Gen., H. Brian Holland, Asst. Atty. Gen., John C. Ford, Asst. U. S. Atty., Dallas, Tex., Edmund C. Grainger, Jr., Sp. Assts. to Atty. Gen., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellant.

Harry C. Weeks, Ft. Worth, Tex., Weeks, Bird, Cannon & Appleman, Fort Worth, Tex., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

The suit was for the refund of taxes allegedly overpaid for each of the years 1947 through 1950.

The claim was that the payments in the years in question made by plaintiff to his divorced wife were for her support within the purview of Section 22(k),[1] 26 U.S.C., and deductible by him under the provisions of Section 23(u), 26 U. S.C.[2]

---

1. "§ 22. Gross income

\* \* \* \* \*

"(k) [as added by Sec. 120(a), Revenue Act of 1942, c. 619, 56 Stat. 798] Alimony, etc., income.

"In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. \* \* \*"

2. "§ 23. Deductions from gross income.

"In computing net income there shall be allowed as deductions:

\* \* \* \* \*

"(u) [as added by Sec. 120(b), Revenue Act of 1942, supra] Alimony, etc., payments. In the case of a husband described in section 22(k), amounts includible under section 22(k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is, under section 22(k) or section 171, stated

342

The defense was a denial that they were such payments and an affirmative plea that they represented the division and settlement of the wife's share in the community property and, therefore, were not deductible.[3]

On the issues thus joined the case was tried on a stipulation of facts and the brief testimony of two witnesses which was not contradictory of, but consistent therewith.

The district judge, finding that the payments were, as contended by plaintiff, periodic support payments and were not, as contended by defendant, part of a property settlement, gave judgment for the plaintiff.

The collector is here insisting: that the finding is without support in the evidence; and that upon the stipulated and proven facts,[4] as to the action for

to be not includible in such husband's gross income, no deductions shall be allowed with respect to such payment under this subsection."

3. "Treasury Regulation 111:
"Sec. 29.22(k)—1. Alimony and separate maintenance payments—Income to former wife.—* * *
"(b) Alimony income attributable to property.—* * *
"Section 22(k) does not apply to that part of any periodic payment attributable to that portion of any interest in property transferred in discharge of the husband's obligation under decree or instrument incident thereto, which interest originally belonged to the wife. * * *"

4. Prior to 1930 taxpayer and his wife were residents of the State of Arkansas. In that year taxpayer moved to Texas and brought with him certain money and notes which, under Arkansas law, were his separate property. He invested these funds in oil fields in Texas with substantial financial success.

Taxpayer's wife refused to follow him to Texas, and after ten years there, taxpayer instituted suit in Smith County, Texas, against his wife for a divorce.

In her answer Mrs. Lake claimed as community one-half of all of Lake's property. The parties, however, reached a settlement of their property rights, and the decree disposing of them in accordance therewith was entered after she had by letter advised the district judge, "We have agreed upon a property settlement, and I have accepted the statement of Mr. Lake as to the community income and as to his separate property and signed a contract in accordance therewith.", and requested that a decree be entered accordingly.

A final judgment granting taxpayer an absolute divorce was thereafter entered in that action on Feb. 6, 1941, on grounds that "for more than three years continuously next preceding the filing of this suit, [she] has without cause voluntarily and willfully refused to live with [taxpayer]

* * * as husband and wife, and wholly abandoned him"; and because "under the laws of Texas the husband is entitled to select the domicile for the family".

The divorce court further found as a fact that taxpayer and his wife had "entered into a contract of settlement of all her said property rights" and "that the said contract of settlement is fair and equitable, and provides adequately for the support of the said Frances Lake, and it is hereby approved by the Court, and the property rights of the said parties are hereby adjudged and decreed in conformity with said contract".

The agreement between taxpayer and his wife was incorporated in full in the divorce decree. It was entitled "Contract for Settlement of Property Rights". It recited in part: that P. G. Lake and Frances Peyton Lake desire to enter into a contract of settlement partitioning and dividing their community property, and settling all property rights as between them; that taxpayer agreed to transfer to his wife $50,000 in cash, certain real property in Arkansas, having an agreed fair market value at that time of $52,000, and further agreed to pay her beginning Feb. 1, 1941, the sum of $1000 per month until he had paid her a total of $125,000; and that "the money and property set apart to [the wife] * * * and to be paid her in the future, is the value of the said Frances Peyton Lake's one-half of the community estate and is the most equitable manner of partitioning said community estate between said parties."

Immediately upon entry of the divorce decree taxpayer paid his wife the $50,000 in cash and conveyed and assigned to her the other property which it had been agreed would be so conveyed; and thereafter paid her in equal monthly installments of $1000 the total sum of $125,000 required to be paid under the "Contract for Settlement of Property Rights" and the divorce decree.

From 1942 to 1950, both inclusive, except the year 1945, taxpayer treated as

divorce, the settlement and decree, and what was done under it, the judgment appealed from may not stand.

In support of his contention, appellant points to and relies on the precise and categorical statements in the settlement agreement and in the decree, and argues with confidence that taxpayer is bound by, and may not escape from, their clear and conclusive pronouncements.

On his part, taxpayer, citing our case of Scofield v. Greer, 5 Cir., 185 F.2d 551, holding that the parol evidence rule is not applicable in a situation of this kind, insists: that while the recitations in the agreement and decree are entitled to their just weight as evidence, they are not conclusive; and that the finding of the court that the payments in question were not a part of the property settlement may not be set aside as wholly erroneous.

We do not think so. In the Greer case the payments were clearly intended to be and were support payments. Unlike the monthly payments agreed to be made here, those payments did not aggregate a fixed sum which, though payable in installments, was payable absolutely and in all events. They were, on the contrary, to cease in the event of Mrs. Greer's remarriage, thus making assurance doubly sure that they were not the measure of the value of the property surrendered by her but were support payments and nothing more. In the Greer case this court, reciting that the district judge had found that the parties had agreed upon a settlement of their property rights and had provided that in addition to her share of the community property Mrs. Greer would receive monthly payments from Dr. Greer which were to cease in the event of her remarriage, held that there was sub-stantial evidence to support these findings.

The finding on which appellee relies in this case, that the payment of $12,-000 per year was not a part, but was outside, of the settlement of property rights, is without any support in the evidence. Indeed, it is directly opposed to and by its tenor and effect.

Appellee's attempt to explain away the recitation in the property settlement and in the decree, that the money and property set apart to Mrs. Lake and to be paid her in installments represented the value of her one-half of the community estate and was the equitable manner of partitioning the community property, by citing McBride v. McBride, Tex.Civ.App., 256 S.W.2d 250, and theorizing that the parties were only trying to state in effect that no permanent alimony was being paid, will not, we think, do. The lawyers representing the parties were highly competent draftsmen. If they had desired to say this, they could and would have said it simply and directly and with no beating about the bush. What they did say was said simply and directly, and there is no evidence in this record contradicting what they said. It will, therefore, not do, as appellee undertakes at this late date to do, to subject the facts and figures used in the settlement and decree to an analysis, in the nature of higher criticism, designed to read into and extract from them an entirely different meaning and effect from that which the parties had in precise terms ascribed to them. If, as appellee argues, the district judge, in entering the decree was exerting and exercising the extraordinary powers of supervision granted him under Article 4638, R.C.S. of Texas, he should, and without doubt would, have said so. Instead, making findings as to the source

amounts deductible under Section 23(u) of the Internal Revenue Code the $12,000 paid to his wife in each such year. The deductions were disallowed, deficiencies were assessed, and the deficiencies with interest were paid.

Mrs. Lake reported the payments as part of her gross income for each of those years and the taxes for some of the years have been refunded.

of the community property of the parties and reciting that Mrs. Lake had entered into a contract of settlement of all her property rights, he approved the contract of settlement and, copying it in full in the decree, declared, "The property rights of the parties are hereby adjudged and decreed in conformity with said contract". So declaring, he adjuged that all properties of every kind and character, except the properties, including the $125,000 in monthly payments, set apart to Mrs. Lake, should be and remain Lake's separate property.

The judgment is reversed and the cause is remanded with directions to enter judgment for the defendant.