OPINION. Raum, Judge,: Tbe question for decision is whether the monthly payments are “periodic payments * * * in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by * * * [the] husband under such decree [of divorce] or under a written instrument incident to such divorce.” Sec. 22 (k), I.R.C. 1939.[1] Pursuant to these provisions, payments commonly known as alimony are includible in the wife’s gross income and are deductible by tbe busband from his gross income by reason of the companion provisions in section 23 (u). Petitioner contends that the controverted payments do not constitute alimony but “represent the settlement of marital property rights,” that they were “in lieu of community property rights foregone by petitioner in the community property corpus and represent payments in settlement of petitioner’s immediate receipt, at the time of the decree, of less than the share of the community property to which she was entitled.” Whether the payments in fact represent alimony or are in consideration of petitioner’s interest in the community property is a question that turns upon the facts, and not upon any labels that may or may not have been placed upon them. Cf. Thomas E. Hogg, 13 T.C. 361; Floyd H. Brown, 16 T.C. 623; Julia Nathan, 19 T.C. 865; John Sidney Thompson, 22 T.C. 275, 282. After examining the facts in the present record, we think that petitioner has failed to show that the payments in controversy were not alimony. To be sure, the divorce decree refers to these payments as being “[i]n lieu of additional community property and as part of the consideration for the division of the properties.” But an examination of the- record as a whole, particularly the circumstances leading up to the entry of this decree, as well as other language in the decree itself, persuades us that the payments were merely for the support of petitioner, in the nature of alimony, that they did not in fact relate to the division of the community property, and that the descriptive language of the decree, quoted above, was included for a reason that was entirely consistent with the true characterization of the payments as alimony. Unlike Campbell, Jr. v. Lake, 220 F. 2d 341 (C.A. 5), relied upon by petitioner, there was no principal amount which the husband was required to pay, a factor stressed by the court in that case at page 343. The monthly payments here were keyed to the husband’s income which the parties knew would fluctuate. And the use of a 10-year- and-l-month period was clearly intended to insure treatment of the payments as “periodic” within the meaning of section 22(k), even if the obligation might otherwise be thought to relate to a principal sum. Further, the provision for cessation of payments in the event of petitioner’s marriage or the death of either party added contingencies that are characteristic of alimony. In the aggregate these provisions strongly point in the direction of recognizing these payments as “periodic payments.” Moreover, while not conclusive, the true intention of the parties is further evidenced by the provision common to both the separation agreement and the decree that the husband was to pay petitioner 25 per cent of his income before taxes, but that this obligation was to be reduced to 25 per cent of his income after taxes in the event that the Federal income tax laws were changed so as not to allow deduction for the payments. The separation agreement specifically referred to the payments as “alimony,” and there is nothing in the record to suggest any reason why petitioner would have been willing to give up rights to alimony which her husband had already contracted to pay. To the contrary, a reason does affirmatively appear on this record for merely changing the designation of these rights without affecting their essential character. The evidence shows that by describing these rights as relating to the community property the parties intended to foreclose the State court from thereafter modifying the support provision. Cf. Kohl v. Kohl, 66 Cal. App. 2d 535, 152 P. 2d 494. The substitution of another label in no way altered the basic characteristic of these payments as alimony, and indeed the decree itself stated that petitioner should “not be entitled to receive any support maintenance or alimony payments except as expressly directed herein” (emphasis supplied), thereby recognizing that the controverted payments were in fact “support maintenance or alimony.” Basic to petitioner’s contention that the controverted payments actually represented part consideration for her interest in the community property is her assertion that the community property was otherwise divided unequally to her disadvantage by the divorce decree. We cannot accept that premise on this record. While she gave some such testimony it was extremely weak and unconvincing. These payments have all the earmarks of ordinary alimony. We hold that they are covered by section 22 (k). Decision will be entered wnder Bule 50. SEC. 22. GROSS INCOME. (Ir) Alimony, Etc., Income. — In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. * * * Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument, but only to the extent that such installment payment for the taxable year of the wife (or if more than one such installment payment for such taxable year is received during such taxable year, the aggregate of such installment payments) does not exceed 10 per centum of such principal sum. * * *