Mark W. SCOTT and Golda H. Scott, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 62-366.

United States District Court
D. Oregon.

Nov. 1, 1963.

258

Donald Griswold, of Pattullo, Gleason & Griswold, Portland, Or., for plaintiffs.

Joyle Dahl and Gary P. Smith, Asst. U. S. Attys., Dept. of Justice, Washington, D. C., and Donal Sullivan, Asst. U. S. Atty., Portland, Or., for defendant.

KILKENNY, District Judge.

The question for decision is whether certain annual payments under an amended separation agreement are "periodic" payments * * * in discharge of * * a legal obligation, which because of the marital or family relationship, is imposed upon or incurred by * * * (the) husband * * * § 22(k) I.R.C.1939, 26 U.S.C. 1952 ed. § 22(k)[1].

The record portrays a highly successful business venture operated by the plaintiff and her then husband, L. T. Howard. They were married to each other in 1915. The marriage, which was so successful financially, was not so domestically, and this rupture in tranquility resulted in separations, first in September, 1951, and thereafter in September, 1952.

On the 24th day of that month, the plaintiff, Golda H. Scott, and her then husband signed a separation agreement which provided for a settlement of all of their property rights and claims, one against the other, growing out of their marital relationship.[2]  The agreement

---

1. 26 U.S.C.1952 ed. § 22(k).

(k) "Alimony, etc. income. In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) *received subsequent to such decree in discharge of, or attributable to property transferred* (in trust or otherwise) *in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includable in the gross income of such wife,* and such amounts received as are attributable to property so transferred shall not be includable in the gross income of such husband. * * * Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; except that an

*installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum,* by the terms of the decree or *instrument, may be or is to be paid within a period ending more than 10 years from the date of such* decree or *instrument,* but only to the extent that such installment payment for the taxable year of the wife * * * does not exceed 10 per centum of such principal * * *." (Emphasis added.)

2.  *     *     *     *     *
"WHEREAS, THE parties hereto desire to settle between themselves by this agreement all their property rights and claims one against the other growing out of their relationship as husband and wife, the same to stand as and for a property agreement and complete settlement between the parties in the event that in the future a decree of divorce shall be granted at the request of either party, dissolving and terminating their marriage relationship, NOW THEREFORE,

*     *     *     *     * "

provided, among other things, that petitioner would receive, as her own, a certain residence located in Roseburg, Oregon, an automobile and the sum of $75,000.00, payable $7,500.00, on the date of the agreement and the balance in annual installments of $7,500.00, plus interest. As part of the plan, the plaintiff agreed to, and did, convey all of her right, title and interest of every kind, nature and description, in and to the remainder of the real and personal property then owned by the parties. Putting aside the residence, the present record discloses property owned by the entirety by the plaintiff and her husband of an estimated value of $55,000.00. If Howard had died at any time prior to her deed to him, she would be the outright owner of this property. Wenker v. Landon, 161 Or. 265, 88 P.2d 971; Dahlhammer & Roelfs v. Schneider, 197 Or. 478, 252 P.2d 807; Schomp v. Brown, 215 Or. 714, 335 P.2d 847, and on re-hearing 337 P.2d 358. Property in which ownership was claimed by the plaintiff had an estimated value of $17,400.00. The net value of the husband's estate at that time being $314,000.00.

Howard defaulted on the third payment due under the original contract and at his request, after such default, the contract was amended on May 6, 1954, to provide for payments of the balance of $60,000.00, at the rate of $5,000.00 per year, rather than $7,500.00. The innocent execution of this amendment gives rise to the plaintiff's present tax difficulties. If Howard had kept current his payments under the original agreement there would be no tax problem, and there would be no basis for this litigation.

After a trial period of less than two years, the parties concluded that separation was not the answer to their problem. They were divorced on August 27, 1954.

On her joint return with her present husband, Mark W. Scott, for the years 1956, 1957 and 1958, the plaintiff made no mention of the $5,000.00 annual payments received by her for those years. After an audit and examination the Commissioner of Internal Revenue determined that the payment, in each of said years, should have been included in taxable income. The claimed deficiencies were paid and this action was filed to recover the amount thereof.

## DECISION

It is my considered judgment that the Internal Revenue Act of 1939, rather than the Act of 1954, is controlling. With this conclusion the parties seem to cast a waivering vote of confidence. For that matter, both parties seem to concede that a proper construction of each act would require the same result.

The sections of the Internal Revenue Act on gross income[3] must be read and analyzed in the light of the factual background.

It is the plaintiff's position that an obligation, which is payable in installments, over a period of time in excess of 10 years, such as under the amended property settlement agreement, could not cast a tax liability on plaintiff under § 22(k) of the 1939 Code, unless such payments were in the nature of alimony or separate maintenance or grew out of the marital or family relationship.

In other words, argue the plaintiffs, installment payments in satisfaction of an indebtedness for property conveyed by the wife to the husband does not fall within the provisions of the act. This construction is in full accord with the interpretation placed on the 1954 version of the same type of legislation by the Treasury Department,[4] and the Congressional history of the legislation.[5]

---

3. 26 U.S.C.1952 ed. § 23, the definition of gross income, 26 U.S.C. § 61, alimony and separate maintenance payments, 26 U.S.C. § 61, and alimony, etc. payments, 26 U.S.C. § 71.

4. Treas.Reg. 1.71–1(b) (4).
   "Section 71(a) applies only to payments made because of the family or

marital relationship in recognition of the general obligation to support which is made specific by the decree, instrument, or agreement. Thus, section 71(a) does not apply to that part of any *periodic payment which is attributable to the repayment by the husband of, for example,*

5. See note 5 on page 260.

The distinction between "periodic payments", that may be made in connection with the marital or family relationships, such as alimony and support, and those which may be paid in connection with the transfer of property rights and interests, is demonstrated with commendable clarity in Campbell v. Lake, 220 F.2d 341 (5 Cir. 1955). In that case, the husband and wife owned the property, as a community, under the law of the State of Texas. Here, a substantial portion of the property was owned by the Howards as an estate by the entirety. Mrs. Howard claimed title to other property. Her testimony, which is undisputed, is that the $75,000.00 was in payment of her property rights and that she and her husband never, at any time, discussed alimony or support payments. True enough, the contract recites full settlement and satisfaction of all claims and rights, including support, maintenance, alimony, dower and other marital rights. However, the residence property at Roseburg, valued at $25,000.00, was in addition to the $75,000.00 payment, and, if required, that transfer could well be construed as being made in satisfaction of alimony, support, maintenance and other marital rights, giving full verity to Mrs. Scott's testimony that the $75,000.00 was to be paid in settlement of property rights, and that no mention was ever made of support, maintenance or alimony. I had an opportunity to see and observe the plaintiff on the witness stand. I was impressed with her demeanor, her frankness and her apparent honesty. Her testimony, which I believe, and which is verified in large measure by Howard's attorney, is that neither she nor her husband, at that time, knew what property stood in his individual name and what property stood in her name or in both of their names. It is quite clear that the recitation in the contract with reference to the husband, * * * "he has assets as follows: lands valued at $314,000.00; * * *" included all of the lands standing in the names of both parties and all lands, the title of which was in dispute. Add to this background, the fact that Howard insisted on his wife discharging her attorney and using his own lawyer. Manifestly, that lawyer performed an excellent service for Howard. Practically all of the provisions of the contract are lopsided in favor of the husband. Overlooked, in the contract, was a simple acceleration of payment clause in favor of the wife. Under such circumstances, it is of little, if any, significance that the attorney for Howard, in his protection, inserted a release as to alimony, support and other maintenance, even though, as testified to by Mrs. Scott, such items were never mentioned and the settlement was on the basis of property interests. Under ordinary circumstances, I would consider binding on the parties the recitals and provisions in a written contract. In my view, that rule should not be invoked, particularly in a tax case, where a husband and his attorney were the scriveners and responsible for the agreement, while the wife was entirely unrepresented. What I have said is not to be interpreted as criticism of the attorney. He was ably representing his client. Only by hindsight can we say that if the wife had been adequately represented her understanding would have been incorporated in the agreement. The recitation in the contract of a settlement of rights to support, alimony and maintenance is of little weight as against

---

*a bona fide loan previously made to him by the wife,* the satisfaction of which is specified in the decree, instrument, or agreement as a part of the general settlement between the husband and wife." (Emphasis added).

5. This section applies only where the legal obligation being discharged arises out of the family or marital relationship *in recognition of the general obligation to sup-* port *which is made specific* by the instrument or decree. This section does not apply to that part of any "periodic payment" attributable to any interest in the property so transferred, which interest originally belonged to the wife, *unless she received it from her husband in contemplation of or as an incident to the divorce or separation.* S.Rep.No. 1631, 77th Congress, 2d Session, pp. 83–85. (Emphasis added)

the direct, forthright testimony of the plaintiff, Mrs. Scott. The admitted fact is that this property, of a value in excess of $300,000.00, was acquired by the parties after their marriage in 1915. For the wife to claim title to at least one-third of the property acquired during their married life would not be unreasonable. That would be the result on the facts of this case. It is my finding that the promise by Mr. Howard to pay his wife $75,000.00, was in consideration of her transfer to him of her own property rights in and to the property acquired during the course of their married life, that no part thereof was for alimony, support, maintenance or other such marital obligations and, therefore, the installments paid were not "periodic payments" within the meaning of either § 71 of the 1954 Code or § 22(k) of the 1939 Code. The preponderance of substantial evidence is in favor of plaintiff's position.

Other cases recognizing the general principles of law announced in Campbell v. Lake, supra, are Riddell v. Guggenheim, 281 F.2d 836 (9 Cir. 1960); In re John Sidney Thompson, 22 T.C. 275 (1954); and In re Jerome A. Blate, 34 T.C. 121.

In the alternative, and only in the event the above finding is in error, I find that the record conclusively shows that she was the owner of at least an estate by the entirety in property of a value of $55,000.00, in which each party had an equal interest. Marchand v. Marchand, 137 Or. 444, 3 P.2d 128. She claimed ownership to additional property, valued at $17,500.00, which was transferred to Howard. Therefore, under any theory, I find that she would be entitled to a judgment for 40/75ths of the amount paid to the defendant under the deficiency assessment.

The Court should not be unduly influenced by the fact that all of the equities are with the plaintiff, Golda H. Scott. Everyone concedes that she had no tax problems under the original agreement. Her good samaritan act in assisting her former husband, then in distress, by extending the time in which he might make the payments, gave our good uncle a chance to cast a critical eye on the transaction and thus claim an obligation for a tax, where none had previously existed. The equities, insofar as they may be used in a tax case, are entirely with the plaintiffs.

A discussion of other points and subjects raised by respective counsel would add nothing to the result.

This opinion shall stand as my findings. A proper judgment shall be prepared, served and presented by counsel for the plaintiffs.