DONALD H. PHILLIPS and COLLEEN PHILLIPS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Phillips v. Commissioner
Docket Nos. 3112-76, 3113-76.
United States Tax Court
T.C. Memo 1977-296; 1977 Tax Ct. Memo LEXIS 145; 36 T.C.M. (CCH) 1179; T.C.M. (RIA) 770296; August 31, 1977, Filed Charles P. Duffy and Joyle C. Dahl, for the petitioners. *146 James J. Posedel, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined a deficiency in petitioner Donald H. Phillips' Federal income tax as follows: Taxable year
Deficiency
1971
$2,148.80
Respondent determined deficiencies in petitioners Donald H. Phillips' and Colleen Phillips' Federal income tax as follows: Taxable years
Deficiencies
1972
$1,875.33
1973
1,851.43
The issues remaining for decision are as follows: (1) Whether amounts paid in 1971, 1972 and 1973 by petitioner Donald Phillips to his former wife under paragraphs IV and IX of their separation agreement are deductible by petitioner under section 215. [1]
(2) Whether petitioner Donald Phillips' expenditures of $150.00 during 1971 for payment of his former wife's "contemplated life insurance policy" are deductible under section 215. (3) Whether petitioner Donald Phillips has adequately substantiated, according to the provisions of section 274(d), certain deductions claimed under section 162(a). *147 FINDINGS OF FACT Some of the facts have been stipulated.The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time of the filing of the petition in docket No. 3113-76, Donald H. Phillips (hereinafter sometimes referred to as petitioner) resided in Baker, Oregon. At the time of the filing of the petition in Docket No. 3112-76, petitioner and Colleen Phillips resided in Baker, Oregon. Petitioner filed his Federal income tax return for the taxable year 1971 and petitioner and Colleen Phillips filed joint Federal income tax returns for the taxable years 1972 and 1973 with the Internal Revenue Service Center in Ogden, Utah. Petitioners accounted for their Federal tax liabilities during all the years in issue using the cash basis method of accounting. Helen J. Bohnekamp (hereinafter sometimes referred to as Helen) and Donald H. Phillips (hereinafter sometimes referred to as Donald) were married January 23, 1949. Five children were born of that marriage. In 1969 Donald sued Helen for divorce. On January 14, 1970, the parties entered into a separation agreement which was incorporated in the decree of divorce granted to *148 Donald and Helen on the same date. The decree was modified on March 22, 1972, reducing the monthly payment and granting Donald custody and control of two of their daughters.
At the time of their divorce, Helen held an undivided one-half interest in the family residence and the household furnishings, a savings account, an automobile and two pieces of real property. Under the terms of the separation agreement, Helen relinquished her interest in the two pieces of real property and Donald relinquished his interest in the residence, household furnishings, the automobile and savings accounts.
During each of the years 1971, 1972 and 1973, Donald paid Helen the sum of $100.00 per month pursuant to paragraph IV of the agreement. Paragraph IV of the separation agreement provided: Plaintiff shall pay to the Clerk of the Court as Defendant's alimony and support the monthly sum of $225.00 with the first payment to be made on or before January 15, 1970 and subsequent payments on or before a like date each month thereafter, so long as she lives and without regard to the future marital status of either party, and regardless of any change of circumstances except as herein set forth, and subject *149 to the following reductions: a reduction of $25.00 monthly when DEBORAH GAIL PHILLIPS terminates her residence with Defendant; a reduction of $100.00 monthly when MINDA Jo Phillips terminates her residence with Defendant; a reduction of $100.00 when TAMI SUE PHILLIPS terminates her residence with Defendant; a resumption of residence shall reinstate the amount of the reduction; each party shall in writing inform the Clerk of the Court to which support payment [sic] are being made of any change in his or her home or business address within 10 days after the change of such address. The agreement further provided for Donald to pay Helen $70.00 annually for the payment of her "contemplated life insurance." Donald paid Helen $150.00 during the taxable year 1971 pursuant to the agreement. During each of the years 1971, 1972 and 1973, Donald paid Helen $3,300.00 per year pursuant to paragraph IX of the agreement. Paragraph IX provided: So long as defendant lives, but regardless of either of the parties' future marital status and regardless of any other change of circumstances except as herein set forth, and without any reductions whatever, plaintiff shall pay to the Clerk of the *150 Court the sum of $27,895.00 payable monthly as follows: not less than the sum of $275.00 on or before January 15, 1970 and continuing with a like monthly payment of not less than $275.00 on or before the 5th day of each month thereafter, until the same is fully paid. As to the provisions of this paragraph and the balance of this instrument consisting of all of the preceding and subsequent paragraphs, they shall survive Plaintiff's death and be binding upon and charged against the estate, executors, administrators, successors and assigns of the Plaintiff. As to the provisions of this paragraph and the balance of this instrument consisting of all of the preceding and succeeding paragraphs, neither party shall maintain any action, suit or any proceeding against the other which in any way seeks to change, modify, amend or reform any of the provisions of this entire instrument (except those granting Defendant custody of the minor daughters), and each shall indemnify and hold harmless the other from all demands, claims, costs, attorneys fees and all financial loss and detriment, present and prospective, which may occur from any such proceeding (except any relating to custody of the minor *151 daughters). On his 1971 Federal income tax return Donald claimed the amounts paid under paragraph IV and IX of the separation agreement as an alimony deduction and $150.00 for amounts paid pursuant to paragraphs VI(g) of the separation agreement. He also claimed a deduction of $240.00 for "Customer Entertainment as Car Dealer" and $173.50 for "Boat Expense for Customer Entertainment." On their 1972 and 1973 joint income tax returns, petitioners Donald and Colleen Phillips claimed $4,500.00 each year as an alimony deduction. Respondent disallowed all the aforementioned deductions except $20.00 of the claimed entertainment expenses. OPINION Donald and Helen Phillips were divorced in 1970. Just prior to the granting of the divorce, Donald and Helen entered into a separation agreement. The agreement provided for Donald to pay $225.00 monthly to Helen subject to a reduction when each child leaves Helen's residence. The agreement also provided for Donald to pay $70.00 per year to Helen for "contemplated life insurance." The agreement further provided that Donald was to pay Helen $27,895.00 in monthly installments of $275.00 until paid in full. On his 1971 Federal income *152 tax return, Donald claimed the amounts paid under the terms of the separation agreement as an alimony deduction. He also claimed a deduction of $240.00 for "Customer Entertainment as Car Dealer" and $173.50 for "Boat Expense for Customer Entertainment." On their 1972 and 1973 Federal income tax returns, petitioners claimed the amounts paid to Helen under the terms of the separation agreement as an alimony deduction. For the reasons stated in the companion case of Helen J. Bohnenkamp and James F. Bohnenkamp, docket No. 5466-76, the Court has determined that the amounts paid by petitioner under paragraph IV of the agreement are deductible under section 215 and amounts paid by petitioner under paragraph IX of the agreement are not deductible.
Donald was to pay Helen $70.00 per year pursuant to paragraph VI(g) of the separation agreement. He made the required payment in January 1971, and then at the end of the year he paid the next year's payment in advance. The $10.00 overpayment is unexplained. Although the separation agreement characterized the payments as a division of property, the Court is not bound by such characterization. The Courts are free to disregard the labels *153 attached to the payments by the parties and consider all the circumstances in determining whether the payments represent a property settlement or alimony. Ryker v. Commissioner,33 T.C. 924 (1960). The payments were for Helen's "contemplated life insurance." Helen did purchase a life insurance policy on her life. Donald had no ownership or any rights under the policies. Donald was required to pay $70.00 annually to Helen through January 15, 1978, whether or not she purchased the policy. Since Helen could use this $70.00 for any purpose and the agreement provided for a property settlement, this payment must be treated as alimony under section 71(a) and is therefore deductible by petitioner under section 215. Respondent disallowed all but $20.00 of petitioner's business entertainment deductions for the taxable year 1971 for lack of substantiation. Section 162(a) allows a deduction for ordinary and necessary expenses incurred in the carrying on of a trade or business. However, if the expenses are for entertainment they are subject to the substantiation requirements of section 274(d) which provides, in part, that no deduction shall be allowed-- * * *
*154 (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or * * *
unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, * * * (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, * * * Petitioner has admitted that he has no records of the expenditures. While petitioner has given testimony regarding the expenses, this does not meet the requirements of section 274(d). Accordingly, the business expense deduction was properly disallowed by respondent. Decisions will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩