**Helen H. WHITE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 81–595–N.**

United States District Court, M.D. Alabama, N.D.

Oct. 25, 1982.

Capell, Howard, Knabe & Cobbs (L. Lister Hill and J. Lister Hubbard), Montgomery, Ala., for plaintiff.

John C. Bell, U.S. Atty., Kenneth E. Vines, Asst. U.S. Atty., Montgomery, Ala., and Karl L. Kellar, Trial Atty., Tax Division, Dept. of Justice, Washington, D.C., for defendant.

MEMORANDUM OPINION

HOBBS, District Judge.

The above styled cause is before this Court on cross-motions for summary judgment filed by the parties. The issue presented to this Court is whether money received by plaintiff in the years 1977, 1978, and 1979 represented periodic payments to her, and was thus taxable income to her. Plaintiff's complaint, as amended, seeks a judgment in the amount of $36,966.10 (recovery of income tax and interest thereon paid by plaintiff for the calendar years 1977, 1978, and 1979), plus such interest and costs as are allowed by law. Subsequently, plaintiff's "second 1977 claim" in the total amount of $10,926.06 has been satisfactorily settled by the parties, and the amount in controversy is thereby reduced to $26,040.04.

The Court has jurisdiction of this action pursuant to Title 28, United States Code, Section 1346(a)(1), as amended.

Plaintiff married William T. White on August 10, 1942, and they had nine children, the last being born in 1962. During the marriage Mrs. White worked infrequently as a nurse, and the family was mainly sup-

ported by the substantial income produced by Mr. White. On January 3, 1977, after nearly thirty-five years of marriage, the Whites were divorced pursuant to a decree of the Marion County Court, State of Indiana. The divorce decree awarded a sum of $300.00 per week as child support to Mrs. White for the care of the youngest child, Christopher, the only child of the marriage who remained at home. The Indiana court determined that the jointly accumulated property totaled $2,430,709.00, and then allocated the assets between the parties. Mr. White kept his personal property and his business assets and one-half of the value of various securities. Mrs. White was awarded the home of the parties, including most of the household furnishings, one-half the value of various securities, and a "property settlement judgment in the sum of $788,-400." The decree further provided that "said lump sum award" shall be paid in monthly payments of $3,000 per month until paid in full.

Upon the death of Mrs. White, the decree provided that payments were to be paid to her estate at the same $3,000 per month rate. Also the court ordered the property settlement judgment to be secured by a life insurance policy on Mr. White, and on his death Mrs. White was given a lien against all of Mr. White's property to secure the monthly payments to Mrs. White. The court again and again characterized the award of $788,400 and the monthly payments as a "property settlement judgment," and decreed that "the property settlement judgment" would constitute a lien against all of the husband's interests in real and personal property. The value of the total award to Mrs. White was substantially less than one-half the husband's estate.

The IRS concedes that "if the payments in question do in fact represent a property settlement, they would not be included in plaintiff's gross income and she would be entitled to the refund she seeks." (Govt's brief, pp. 7, 8). But the IRS contends that irrespective of how the divorce court conceived the payment of $788,400 and irrespective of its designation as a property settlement in the divorce decree, the pay-

ments are support payments and taxable to the wife.

If this Court were writing on a clean slate, it would have thought the issue was different.

26 U.S.C. § 71(a)(1) of the Internal Revenue Code provides that periodic payments received under a divorce decree in discharge of a legal obligation imposed on the husband because of the marital or family relationship are taxable to the wife. Section 71(c)(1) states that if the installment payments under such a divorce decree are discharging a part of an obligation, the principal sum of which is either in terms of money or property, specified in the decree, the installment payments shall not be treated as periodic payments, and, therefore, are not taxable to the wife. Section 71(c)(2) has an exception, however, to Section 71(c)(1) and states that if by the terms of the decree the principal sum referred to in subparagraph (1) may be paid over a period in excess of ten years from the date of the decree, then the installment payments shall be treated as periodic payments.

In the instant case, the installment payments are payable over twenty-one years. It would have appeared to the Court that whether the payments are part of a property settlement or are characterized as support payments, they arise out of the parties' marital relationship and would be taxable to the wife under Sec. 71(c)(2).

The IRS regulations give an example of a payment required by a divorce decree which would not be deemed to have been ordered because of the marital relationship. The one example is where the husband is repaying a bona fide loan previously made to him by the wife. Treas.Reg. 26, § 1.71–1. Obviously it would be inequitable for the wife to pay a tax when money she has made the subject of a loan to her husband is repaid to her. But this Court would have thought that Congress intended for the standard property settlement to be viewed as arising out of the marital relationship in the same way support payments are so regarded, and if payments thereunder might continue for

more than ten years, they would be taxable to the wife. A host of cases, however, have construed the statutory language to form the issue as the Government and plaintiff agree it to be; i.e., do the monthly payments to Mrs. White represent a property settlement or support payments? If a property settlement, the payments are not taxable to the wife; if support payments, they are taxable to the wife.

■ Presumably for the convenience of the husband, the Indiana court in the instant case did not order him to pay $788,400 in a lump sum but allowed him to pay it in installments over a period of years. This Court finds on weighing the factors deemed relevant by the Court of Appeals for the Fifth Circuit, the Tax Court and other courts in prior cases that the scales tilt unmistakably toward a determination that the payments to Mrs. White are part of a property settlement as opposed to support payments.

In *Campbell v. Lake,* 220 F.2d 341 (5th Cir.1955), the district court had held that the monthly payments to Mrs. Lake of $1,000 per month until the sum of $125,000 was paid represented support payments and were taxable to the wife. The Court of Appeals reversed, pointing out that the settlement agreement of the parties referred to "a contract of settlement partitioning and dividing this community property and settling all property rights between them." The Court of Appeals held even though the court's decree of divorce had a finding that the payment to the wife "provided adequately for the support of the wife," that the parties and the court clearly intended the payments as a property settlement and hence not taxable to the wife.

The factors deemed relevant in *Campbell* obtain in the White divorce. Under Indiana law, an Indiana court is prohibited from making provision for the wife's maintenance in a divorce decree, except when the wife is mentally or physically incapacitated to the extent of inability to support herself. *Indiana Code* Sec. 31–1–11. Moreover, the Indiana decree after conveying the home and certain other assets to Mrs.

White and determining that the husband's net worth was $2,430,709 granted to the wife a "property settlement judgment in the amount of $788,400 payable at the rate of $3,000 per month."

In *Riley v. Comm'r,* 649 F.2d 768 (10th Cir.1981), the Court of Appeals upheld the ruling of the Tax Court and the argument of the IRS that the payment of $300 per month until $36,300 had been paid, which provision was incorporated in the divorce decree, constituted part of a property settlement and not support payments to the wife. Every factor recited by the Court of Appeals as requiring the payments in the *Riley* case to be viewed as a property settlement are present in the instant case: (1) the obligation to pay the installment payments was unconditional; (2) remarriage would not terminate the obligation; (3) the payment was secured by an insurance policy; (4) any unpaid portion at the wife's death would be paid to her estate; (5) the divorce court characterized the installment payments as a property settlement. The *Riley* court concluded: "These factors singularly and collectively indicate that the payments to Ruth were definitely in the nature of a property settlement and not alimony."

A recent decision by the Tax Court, *Widmer v. Commissioner,* 75 TC 405 (1980) also involved an Indiana divorce decree. The decree was entered in 1971 prior to the Indiana Dissolution of Marriage Act; the Indiana court in 1971 could award alimony. The *Widmer* divorce decree ordered the husband to pay "alimony" in the sum of $60,000 at the rate of $4,000 per year in quarterly installments of $1,000 each. The Tax Court examined the decree, and concluded that the installment payments were intended as part of a property settlement and, therefore, were not taxable to the wife. The Tax Court considered the same factors as are present in the instant case and concluded that those factors compelled its conclusion. The Tax Court stressed that the divorce court had determined that the wife was to receive a fraction of the husband's property, that a lien would secure

payments, that payments would be required despite the death or remarriage of either party, and irrespective of the income of the husband. The Tax Court stated: "All of these factors are indicia of a capital division as opposed to a support payment." All of these factors compel a similar result in the instant case.

The Government's brief seeks to distinguish *Widmer* on two grounds. First, it argues that the Tax Court in *Widmer* attached significance to the fact that the wife's share was reduced because she was at fault, and it contends that "the notice of fault would be irrelevant to a determination of how much would be necessary to support the wife." The notion of fault may be irrelevant as to "how much would be necessary to support the wife," but it has not been deemed irrelevant as to how much of the wife's support would have to be provided by the husband. There is as much basis for reducing a wife's alimony or support payments because of her fault as her property settlement.

The second distinction urged by the Government is that the award in *Widmer* of $4,000 per year is so small that it could not "totally support Mrs. Widmer" whereas here the payments to Mrs. White provide more than adequate support. This distinction cuts more strongly against the Government's contention than otherwise. In the case of the wife in *Widmer,* presumably all of her less than adequate payment would be required for support; whereas with Mrs. White a substantial part of her payments would not be required for her support, and was so substantial solely because the property of the husband was valued at almost two and a half million dollars.

In *Gammill v. Commissioner,* 82–2 TC ¶ 9514 (Aug. 3, 10th Cir.1982) (not yet reported in the federal reports), the Court of Appeals for the Tenth Circuit considered the appeal of a holding by the Tax Court that payments made by the

husband under an Oklahoma divorce decree in installments of $1,041.47 per month for twenty years were installments in a property settlement rather than alimony payments. The Court of Appeals affirmed the Tax Court and said other than the intent of the parties,[1] there are five factors which are guides for determining the nature of the payments: "Where (1) there is a fixed sum, (2) the payments are not related to the obligor's income, (3) the payments are to continue regardless of the obligee's death or remarriage, (4) the obligee gave consideration for the payments, and (5) the obligor has put up security to insure payment, it is to be regarded as part of a property settlement."

In *Gammill,* the wife had never worked outside the home. Mrs. White did work as a nurse during the early years of the marriage. The Court of Appeals in *Gammill* said the contribution of the wife as homemaker and mother was adequate to support her claim for a property division. "Where there is a property division, the wife's share does not necessarily derive from participation in the business world as distinguished from business activities."

In *Finley v. Finley,* 422 N.E.2d 289 (Ind. App.1981), the divorce court awarded the wife property valued at $1,891,218 and the husband retained property valued at $3,356,402. The wife had never been employed outside the home. The Indiana court said "Both spouses are not required to have engaged in income generating activity in order to share in the marital assets."

Every factor relied on by the Court of Appeals in *Gammill* and by the Tax Court in *Widmer* as relevant to their conclusions that the installment payments were part of a property settlement are present here.

■ The Government's position of course is correct that the label put on installment payments by the divorce court is not absolutely controlling as a matter of federal tax law, but the designation by the divorce

1. The divorce decree makes clear that an audit was made of the White assets. There was never any indication that Mrs. White was expected to pay taxes on the annual payments of $36,000.00. (White depo., pp. 30–31). Mrs. White testified: "I wanted no part of alimony. I wanted only just a property settlement to get it done and over with." (White depo., p. 22).

court should be a strong factor, as the Tenth Circuit expressed in both the *Riley* and *Gammill* cases and the Fifth Circuit expressed in *Campbell v. Lake, supra.*

As the court stated in *Gammill:* "In effect the Commissioner is a neutral person in the case because if John Gammill prevails Marjorie would be taxed on the payments in question," and John would get a tax reduction. Therefore, although this litigation is one in which the Commissioner will collect taxes from one party or the other, the result of the multitude of costly post-divorce cases litigating this precise issue can have a devastating effect on the parties. It is totally unrealistic to assume that the divorce court at the time it makes the award to the wife is oblivious to the tax consequences of whether the installment payments would be taxable to the wife and deductible to the husband. Surely, the Indiana court did not make its determination as to a fair division of the property between the husband and wife without regard to whether the payments would be taxable to the wife. The Indiana divorce court designated the payments to Mrs. White as a division of property and awarded her a sum payable over many years, the value of which was a fractional part of her husband's estate. For a different court, sometimes years after the divorce, to substitute its judgment for the judgment of the divorce court as to who will pay the taxes and with no power to alter the award to the wife to compensate for the payments belatedly being treated as support payments, is a very poor system of achieving fairness to the parties in a divorce. If the instant divorce payments were terminable on the death or remarriage of the parties, or other indicia of a property settlement were lacking, or if the divorce court had failed to use plain language in designating the payments as installment payments on a property settlement, there might be some justification for overturning the determination of the divorce court that its award was a property settlement. But where for years federal courts have set out the criteria for a property settlement and where this property award meets each of the criteria, it is un-conscionable for the Tax Court and the Commissioner to say that the payments to the wife are taxable to her, thereby reducing her property settlement by approximately thirty per cent and drastically altering what the Indiana court deemed a fair settlement award to the wife.

Where both the altered detriment to Mrs. White and the benefit to Mr. White in the form of tax deductions are taken into account, it results in a change in the division of the property decreed by the divorce court of more than fifty per cent.

The rules for determining whether payments are taxable to the wife should be clear, and the parties and the divorce court should know the tax consequences at the time of the divorce decree. It is only logical that the divorce court would have deemed the wife entitled to a substantially greater division of the property if she had to pay a tax on the installment payments. But a belated determination that what the divorce court designated a property settlement is a support settlement or vice versa is grossly unfair to the parties. This problem should have the attention of Congress and the Commissioner in order to have legislation that does not result in continued, costly federal litigation that drastically alters what a divorce court has determined is a fair settlement between the parties.

The installment payments to Mrs. White are in discharge of a "property settlement judgment" and are not taxable to the wife. A separate judgment will be entered accordingly.