**Helen H. WHITE, Plaintiff-Appellee,**

v.

**UNITED STATES of America,
Defendant-Appellant.**

No. 83–7352.

United States Court of Appeals,
Eleventh Circuit.

Aug. 28, 1984.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Gilbert S. Rothenberg, Lisa A. Prager, Tax Division, Dept. of Justice, Washington, D.C., for defendant-appellant.

J. Lister Hubbard, L. Lister Hill, Montgomery, Ala., for plaintiff-appellee.

Before TJOFLAT and ANDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

This is an appeal by the defendant United States from a judgment entered in the United States District Court for the Middle District of Alabama awarding plaintiff Helen H. White $12,263.93 in attorneys' fees and other expenses under the Equal Access to Justice Act ("EAJA"). We affirm the district court's finding that plaintiff is entitled to attorneys' fees. But because the district court failed to apply the correct legal standard in determining the amount of recovery, we reverse in part and remand.

## I. BACKGROUND

On January 3, 1977, Mrs. White and her former husband were divorced pursuant to a decree of the Marion County Court in Indiana. The divorce decree awarded a sum of $300.00 per week as child support to Mrs. White for the care of the White's youngest child. The Indiana court determined that the jointly accumulated property totaled $2,430,709.00, and it allocated the assets between the parties. Mr. White kept his personal property and his business assets and one-half of the value of various securities. Mrs. White was awarded the family home, including most of the household furnishings, and one-half the value of various securities. In addition, Mrs. White received the following:

... the Wife is granted a property settlement judgment in the sum of Seven Hundred Eighty-eight Thousand Four Hundred Dollars ($788,400); that said lump sum award shall be paid in the following manner by the Husband: Three Thousand Dollars ($3,000) per month beginning January 1, 1977, and each month thereafter until paid in full. Such monthly payments shall terminate upon Petitioner's death and the Respondent shall then be obligated to pay the then present value of the remaining balance to her estate, which payments shall be made in equal monthly installments over the remaining period.

That the awards herein shall be secured by appropriate insurance....

The property settlement judgment above shall be and constitute a lien against Respondent's interest in all real and personal property whether held severally or jointly held with any other person.

Mrs. White failed to report the installment payments as income on her original 1977 federal income tax return. Mr. White, however, deducted the payments as alimony. The Internal Revenue Service ("Service") adopted the position that the monthly payments represented alimony from Mr. White to Mrs. White and were taxable to Mrs. White. Thereafter, Mrs. White filed an amended 1977 federal income tax return, reporting $36,000 in additional income.

In 1977, Mr. White also paid Mrs. White a lump sum of $16,363.00 for state and federal income taxes and for clothing. Mrs. White did not report that payment as taxable income on her original federal income tax return. After the Service determined that this sum constituted taxable income, however, Mrs. White paid the deficiency.

On October 28, 1981, Mrs. White brought a suit against the United States seeking to recover a refund of $10,668.04 in income taxes and interest for the year 1977. On June 28, 1982, Mrs. White amended her complaint to claim a recovery of $36,966.10 in income taxes and interest for the years 1977, 1978, and 1979.

In the refund action, the parties filed cross-motions for summary judgment with respect to the characterization of the installment payments. Mrs. White asserted that the installment payments were a property settlement, not support payments, and thus, were not taxable to her. The government asserted that the payments were for support and were taxable to Mrs. White. In its summary motion, the government conceded that the payment of $16,363 in 1977 for taxes and clothing was not alimo-

ny, and it settled the issue for $10,926.06. Thus, the amount in controversy was reduced to $26,040.04. The district court found that the installment payments made to Mrs. White were in discharge of a property settlement and, therefore, were not taxable to .her. 550 F.Supp. 96, 100 (M.D. Ala.1982). The government did not appeal that order.

Mrs. White subsequently filed an application with the district court for legal fees and expenses pursuant to the EAJA. The district court awarded Mrs. White $12,-263.93 for legal fees incurred during the administrative phase and during litigation, and the government appeals.

## II. DISCUSSION

In reviewing the district court's decision to award fees under the EAJA, we reverse only if the district court has abused its discretion. *National Treasury Employees Union v. IRS,* 735 F.2d 1277, 1278 (11th Cir.1984); *United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481, 1486 (10th Cir.1984); *Matthews v. United States,* 713 F.2d 677, 682 (11th Cir.1983); *Spencer v. NLRB,* 712 F.2d 539, 565 (D.C. Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984); *Hoang Ha v. Schweiker,* 707 F.2d 1104, 1105 (9th Cir.1983); *Knights of the Ku Klux Klan v. East Baton Rouge,* 679 F.2d 64, 68–69 (5th Cir. Unit A 1982).

On appeal, the government asserts two arguments: first, its position was "substantially justified" within the meaning of the EAJA and consequently, no award of attorneys' fees should have been made; and second, even if its position was not "substantially justified," no award is permitted for legal fees incurred at the administrative level.

### A. *Was the Government's Position Substantially Justified?*

The government's first argument is that its position was "substantially justified" within the meaning of the EAJA and consequently, no award of attorneys' fees should have been made. The EAJA provides:

[A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.*

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

The government bears the burden of showing that its position was substantially justified. H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10 (1980), U.S.Code Cong. & Admin.News 1980, p. 4953; S.Rep. No. 253, 96th Cong., 1st Sess. 6 (1979). *See also Enerhaul, Inc. v. NLRB,* 710 F.2d 748, 750 (11th Cir.1983); *S & H Riggers & Erectors, Inc. v. OSHRC,* 672 F.2d 426, 430 (5th Cir. Unit B 1982). The standard is one of reasonableness; the government must show "that its case had a reasonable basis both in law and fact." H.R.Rep. No. 1418 at 10, U.S.Code Cong. & Admin.News 1980, p. 4989; S.Rep. No. 253 at 6. *See also Matthews v. United States,* 713 F.2d 677, 683 (11th Cir.1983). The fact that the government lost its case does not raise a presumption that the government's position was not substantially justified. H.R.Rep. No. 1418 at 11, S.Rep. No. 253 at 7. Nor is the government required to establish that its decision to litigate was based on a substantial probability of prevailing. H.R.Rep. No. 1418 at 11; S.Rep. No. 253 at 7.

To determine whether the government's position was "substantially justified" in the case at hand, we must examine the two underlying issues that gave rise to Mrs. White's application for legal fees and expenses: first, whether payments of $3,000 per month received by Mrs. White from her ex-husband pursuant to a divorce decree were periodic payments of alimony or payments in discharge of a property settlement; and second, whether payment of $16,363 to Mrs. White from her ex-husband in 1977 for state and federal income taxes and for clothing constituted taxable alimony.

First, we will analyze the character of the monthly payments. The determination of whether installment payments are alimony or payments made in discharge of a property settlement depends on an examination of the facts. The government contends that this case raised close factual questions and that therefore, its position in the case was reasonable. The district court, on the other hand, found the government's position to be "unconscionable" in light of the caselaw. After examining the caselaw, we agree with the district court that the government's position in the case was not reasonable.

Section 71(a)(1) of the Internal Revenue Code provides that periodic payments received under a divorce decree in discharge of a legal obligation imposed on the husband because of the marital or family relationship are taxable to the wife. 26 U.S.C. § 71(a)(1). Under section 71(a)(1), however, if installment payments under such a divorce decree discharge a part of an obligation, the principal sum of which is, either in terms of money or property, specified in the decree, then the installment payments are not treated as periodic payments, and therefore, are not taxable to the wife. 26 U.S.C. § 71(c)(1). Section 71(c)(2), however, creates an exception to section (c)(1). Section 71(c)(2) states that if by the terms of the decree the principal sum referred to in subparagraph (1) may be paid over a period in excess of ten years from the date of the decree, then the installment payments shall be treated as periodic payments. 26 U.S.C. § 71(c)(2).

In this case, the monthly installments of $3,000 per month were to continue for 21.9 years—clearly in excess of ten years. Thus, the payments fit within section 71(c)(2) and must be treated as periodic payments. The fact that the payments are periodic, however, does not alone establish that the payments should be treated as alimony. Not only must the payments be periodic, but they must also meet the stan-dard of section 71(a)(1), which requires that such payments be in the nature of support rather than a division of property. *Riley v. C.I.R.*, 649 F.2d 768, 773 (10th Cir.1981); *Lambros v. C.I.R.*, 459 F.2d 69, 71 (6th Cir.1972); *McCombs v. C.I.R.*, 397 F.2d 4, 7 (10th Cir.1968); *Campbell v. Lake*, 220 F.2d 341, 342–43 (5th Cir.1955); *Joslin v. C.I.R.*, 52 T.C. 231 (1969), *aff'd*, 424 F.2d 1223 (7th Cir.1970). Thus, as the district court indicated, the basic issue is whether the monthly payments to Mrs. White represent a property settlement or support payments. If the payments are a property settlement, they are not taxable to the wife; if support payments, they are taxable to the wife.

The federal courts have set out certain criteria for distinguishing alimony payments from property settlement payments. In *Riley v. Commissioner*, 649 F.2d 768 (10th Cir.1981), the Tenth Circuit held that the payment of $300 per month until $36,-300 had been paid constituted part of a property settlement rather than support payments to the wife. The court found the following facts to be determinative: (1) the obligation to pay the payments was unconditional; (2) the payments were to continue in the event of remarriage or death; (3) the payments were secured by an insurance policy and the principal of a trust; and (4) the divorce decree characterized the installment payments as a property settlement. *Id.* at 774. The *Riley* court concluded: "These factors, singularly and collectively, indicate that the payments to Ruth were definitely in the nature of a property settlement and not alimony." *Id.*

In *Campbell v. Lake*, 220 F.2d 341 (5th Cir.1955),[1] the district court had held that the monthly payments to the wife of $1,000 per month until the sum of $125,000 was paid represented support payments and were taxable to the wife. The Fifth Circuit reversed, holding that although the divorce decree stated that the payment to the wife

---

**1.** The Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent on this Court unless and until over-ruled or modified by this Court en banc. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

"provides adequately for the support of [the wife]," the parties and the divorce court clearly intended the payments to be a property settlement and therefore, not taxable to the wife. The *Campbell* court noted that the payments aggregated a fixed sum which, though payable in installments, were payable absolutely and in all events. *Id.* at 343. The property settlement agreement provided that the money to be paid the wife in installments represented the value of her one-half of the community estate. *Id.*

In *Gammill v. Commissioner*, 710 F.2d 607 (10th Cir.1982), the property settlement agreement provided that a lump sum of $250,000 was to be paid in installments to the wife of $1,041.47 for 240 months. The payments were secured by a lien and insurance policy, were not related to the husband's income, were to continue regardless of the wife's death or remarriage, and were characterized in the agreement as a "further division of property and not as alimony." The court concluded that these payments constituted a property settlement, not alimony. *Id.* at 610.

Additionally, in *Widmer v. Commissioner*, 75 T.C. 405 (1980), the Tax Court construed an Indiana divorce decree. The decree specified that installment payments were to be made notwithstanding the income of the husband, the death of either party, or the remarriage of the wife. The payments were secured by a lien. The Tax Court concluded that the trial court's labeling of the payments as "alimony" was not controlling, and held that the installment payments were intended to be a property settlement.

The factors that the courts in the cases discussed above found persuasive are also present in this case, and support Mrs. White's position that the payments to her were made in discharge of a property settlement. These factors include: (1) Mrs. White was to receive a fixed sum, totaling $788,400; (2) the payments were to continue in the event of remarriage or death; (3) the payments were secured by a lien and life insurance policy on the life of Mr.

White; and (4) the Indiana divorce court characterized the payments as a property settlement.

On the other hand, the government contends that the following factors supported its position that the monthly payments were alimony and thus provide substantial justification for its position: (1) separate property was allocated to Mrs. White in addition to the $3,000 monthly installment payments; (2) Mr. White had made support payments to Mrs. White prior to the entry of the final divorce decree and the monthly payments were merely a continuation of those payments; (3) the divorce court considered Mr. White's earning capacity and both parties' life expectancies in making its $3,000 per month award; and (4) Mrs. White admitted in her deposition that she used the installment payments for her support.

As stated earlier, the government need not win on the merits for its position to be substantially justified. In this case, however, the caselaw is clearly against the government. Under facts similar to ours, the courts have consistently held that such payments constitute support, not alimony. Thus, the government's position in litigating this case was not reasonable. Therefore, we conclude that the district court did not abuse its discretion in its determination that the government's position was not substantially justified.

■ The second underlying issue on which plaintiff seeks attorneys' fees concerns the payment of $16,363 to Mrs. White from her ex-husband in 1977 for state and federal taxes and for clothing. The Service originally asserted that this payment constituted taxable alimony. Mrs. White amended her complaint on June 28, 1982 to include this claim. On September 3, 1982, the government conceded this issue in its motion for summary judgment. The government contends that since it conceded the issue as expeditiously as possible, no attorneys' fees should be awarded on this claim. Plaintiffs, on the other hand, contend that under the EAJA, the conduct of the Service prior to litigation as well as

that of the Justice Department during litigation shall be considered for "substantial justification" purposes.

■ For the reasoning set out in *Ashburn v. United States*, 740 F.2d 843 (11th Cir.1984), we hold that "position of the United States," as used in the EAJA, refers to the government's litigation position, not the Service's position on the underlying action. Thus, we need consider only whether the government's behavior, after Mrs. White filed suit, was "substantially justified." In this case, the government conceded this issue less than three months after Mrs. White raised it in her amended complaint. We hold that such behavior by the government was reasonable and therefore, was substantially justified. *See Ashburn v. United States*, at 850 (government was substantially justified in conceding case five months after it had received Service's files); *Alspach v. District Director of IRS*, 527 F.Supp. 225 (D.Md.1981) (government was substantially justified in conceding case one month after it received Service's files).

### B. *Fees At The Administrative Level*

■ Having concluded that the government's position as to the monthly payments was not substantially justified, we reach the second issue: whether an award is permitted under the EAJA for legal fees incurred at the administrative level. The district court found that the work performed in the administrative phase of the case was properly includable in the fee petition.

Section 2412(d)(1)(A) of the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action...." 28 U.S.C. § 2412(d)(1)(A). Under section 2412(d)(2)(A), " 'fees and other expenses' includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or

project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees." 28 U.S.C. §§ 2412(d)(2)(A).

We hold that an award of fees incurred at the administrative level is inappropriate under the EAJA. *Guthrie v. Schweiker*, 718 F.2d 104, 108 (4th Cir.1983); *Muth v. Marsh*, 525 F.Supp. 604, 609 (D.D.C.1981). *Contra Costantino v. United States*, 536 F.Supp. 60, 64 (E.D.Pa.1982). Congress restricted the award of legal fees to those incurred during adversary agency adjudications, as defined in 5 U.S.C. §§ 504(b)(1)(C) and 554, and to those incurred in any civil action involving the government. As plaintiffs concede, the administrative phase in this case did not constitute an adversary agency adjudication. Nor are we willing to adopt White's suggestion that we characterize the fees she expended at the agency level as fees incurred "in anticipation" of litigation, and therefore attributable to the cost of litigation. Rather, we hold that the first of any recoverable attorneys' fees are the costs of preparing and filing the petition or complaint that commences the civil tax action.[2] *Cf.* H.R.Rep. No. 404, 97th Cong., 1st Sess. 14 (Tax Equity and Fiscal Responsibility Act of 1982 adopts similar standard for fee awards).

### III. CONCLUSION

We conclude that the district court was correct in awarding to Mrs. White attorneys' fees and expenses incurred during the litigation over the characterization of the monthly payments, but only to the extent that those fees were incurred from the date of preparing and filing her complaint in the civil action. Additionally, we conclude that the government's position as to the $16,363 payment was substantially justified and thus, plaintiff is not entitled to any attorneys' fees for the cost of litigating this issue.[3] Therefore, we remand for

---

2. Plaintiffs have already conceded that $527.00 of the fees awarded for retention of an accountant are not recoverable under the EAJA because

they were incurred prior to Mrs. White's retention of counsel.

3. The record does not allocate the amount of attorneys' fees and expenses awarded to Mrs.

a new determination of the proper fee award.

AFFIRMED IN PART, REVERSED IN PART, REMANDED.

White on the $16,363 issue. On remand, any fees allowed for contesting this issue should be deducted from plaintiff's award.