Robert CLARKSON, Plaintiff-Appellant,

v.

INTERNAL REVENUE SERVICE and John Henderson, District Director, Defendants-Appellees.

No. 85–8684
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 15, 1987.

Roger M. Olsen, Lead Counsel Acting Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D.C., Michael L. Paup, Chief, Appellate Section, Jonathan S. Cohen, Gayle P. Miller, for defendants-appellees.

Before TJOFLAT, HATCHETT and CLARK, Circuit Judges.

PER CURIAM:

This case is back before this court after a remand in *Clarkson v. Internal Revenue Service*, 678 F.2d 1368 (11th Cir.1982), in which we held (1) that the appellant, Clarkson, had substantially prevailed in his suit under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1982), and thus the district court should consider whether to award costs to Clarkson; (2) that binding precedent prohibits the award of attorney fees under FOIA to a pro se party; and (3) that although most of the appellant's claims under the Privacy Act of 1974, 5 U.S.C. § 552a (1982), were without merit, the district court should consider whether the collection of certain records by the appellee, the Internal Revenue Service (IRS) was "unconnected to any investigation of past, present or anticipated violations of the statutes which it is authorized to enforce." 678 F.2d at 1375 (citing 5 U.S.C. § 552a(e)(7)).

On remand, the district court (1) awarded Clarkson costs on his FOIA claim,[1] (2) rejected Clarkson's Privacy Act claim by finding that the records in question were pertinent to and within the scope of an authorized law enforcement activity, and (3) refused to award Clarkson any costs or attorney fees on his Privacy Act claims. In this appeal, Clarkson contests the latter two actions of the district court, and also argues that the IRS has not given him an accounting of disclosures of the documents it maintains concerning Clarkson, as required by 5 U.S.C. § 552a(c)(1).

After reviewing the record of the case, decided on summary judgment, we find that the record fully supports the district court's finding that the undisputed material facts establish that the documents maintained by the IRS are related to investigations of illegal tax protester activities. The uncontroverted affidavits attached to the defendants' supplemental motion for summary judgment reveal that the material in question was collected and maintained in connection with legitimate law enforcement activities. The IRS is, of course, authorized to investigate illegal tax protester strategies and activities. *See, e.g., United States v. Vance*, 730 F.2d 736, 738 (11th Cir.1984). Thus, the district court properly rejected Clarkson's Privacy Act claim. And, because of this holding, we also hold that the district court properly refused to award Clarkson costs on his Privacy Act claim, because Clarkson did not prevail.[2]

Finally, Clarkson contends that he has never received an accounting of disclosures of documents relating to him, as re-

---

**1.** It appears from the record and briefs that Clarkson never filed a bill of costs as required by the district court. Thus, Clarkson, who has offered no explanation for this failure, cannot complain about the fact that he has not received the costs to which he was entitled.

**2.** Even if Clarkson had prevailed in his Privacy Act claim, his request for attorney fees would be precluded by the original panel opinion in this case. 678 F.2d at 1371. In rejecting a request for attorney fees by a pro se plaintiff in a Privacy Act suit, this court is bound by *Barrett v. Bureau of Customs*, 651 F.2d 1087, 1089 (5th Cir. Unit A 1981), *cert. denied*, 455 U.S. 950, 102 S.Ct. 1454, 71 L.Ed.2d 665 (1982).

quired by 5 U.S.C. § 552a(c)(1). Yet, in the record there appears a letter dated September 21, 1979, from the IRS to Clarkson, stating that no disclosures have been made. Clarkson argues that in fact disclosures were made, but the record reveals that the alleged disclosures were only to other criminal investigation units within the IRS itself. This type of internal disclosure is not the evil against which the Privacy Act was enacted. *See id.* § 552a(c)(1)(A). The record reveals that the IRS has disclosed the records it maintains to no outside person or agency other than Clarkson himself. Thus, there has been no violation of the Privacy Act's disclosure requirements.

For the foregoing reasons, the judgment of the district court is AFFIRMED.