Lois JEFFERSON, Plaintiff–Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant–Appellee.

No. 87–8280

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Feb. 12, 1988.

Before HILL, HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

The Social Security Administration (SSA) overpaid Lois Jefferson a total of $5,851.80 during 1978–1982. The overpayment resulted from the fact that Mrs. Jefferson failed to report her earnings to the SSA; these earnings would have disqualified Mrs. Jefferson for the Social Security benefits that she received during this period.

Mrs. Jefferson applied for a waiver of the amount overpaid. The waiver was denied by the Secretary, and was rejected again on reconsideration. Mrs. Jefferson also lost her waiver plea before the administrative law judge, the appeals counsel, a United States magistrate, and a United

---

**4.** Appellee acknowledges and we agree that if creditor Byrd had *no* notice of Alton's bankruptcy proceeding, Byrd's claim could not be properly discharged by the court. This is now axiomatic as a matter of constitutional law. *See Mullane, supra; Mennonite Bd. of Missions v.*

*Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). The Bankruptcy Code also provides statutory protection against such loss of claim without notice. *See* 11 U.S.C. sec. 523(a)(3)(A) and (B).

State district court. Ultimately, however, the Eleventh Circuit Court of Appeals reversed the denial of waiver and ordered that the SSA cease its attempt to recover the overpaid amounts. A complete history of the case is found in that Eleventh Circuit opinion, published at 794 F.2d 631 (11th Cir.1986).

Mrs. Jefferson subsequently applied for costs and attorneys' fees under 28 U.S.C. § 2412 and 42 U.S.C. § 406(b)(1). Both the magistrate and the district court denied Mrs. Jefferson's request, and she now appeals the denial of fees and costs claimed under 28 U.S.C. § 2412.[1]

### THE SECTION 2412 STANDARD

Section 2412(d)(1)(A), also known as the Equal Access to Justice Act (EAJA), orders the court to award fees and costs to any party (1) prevailing, (2) against the United States, (3) "unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* The controversy on this appeal centers around whether the position of the United States was "substantially justified."

"In reviewing the district court's decision to award fees under the EAJA, we reverse only if the district court has abused its discretion." *White v. United States,* 740 F.2d 836, 839 (11th Cir.1984). *See also National Treasury Employees Union v. IRS,* 735 F.2d 1277, 1278 (11th Cir.1984). In proving that its position was substantially justified, the government bears the burden of demonstrating "that its case had a reasonable basis both in law and fact." H.R.Rep. No. 1418 at 10, U.S. Code Cong. and Admin. News 1980, pp. 4953, 4989;

S.Rep. No. 253 at 6. *See also White v. United States,* 740 F.2d at 839; *Matthews v. United States,* 713 F.2d 677, 683 (11th Cir.1983).[2]

Contrary to Jefferson's assertions, *Haitian Refugee Center v. Meese,* 791 F.2d 1489 (11th Cir.1986), did not contradict the standard explained in *White.* In fact, *Haitian Refugee Center* cites the proposition just quoted from *White.*[3]

Jefferson argues that the government can never be substantially justified in urging the courts to apply a legal standard other than that required by the law on which the government's actions are based. We need not reach such a broad conclusion today; the government did not propose such an incorrect standard. Jefferson claims that the first Eleventh Circuit opinion in this case established that the ALJ "erred by applying the wrong legal standard." *Jefferson,* 794 F.2d at 633, n. 3. We note first that the statement relied on by plaintiff was merely a dictum found in a footnote. Moreover, that court noted that it viewed Jefferson's actions "subjectively" in determining that she was without fault. *Id.* at 633.

Finally, we are not faced with a case in which the government was directed by statute to apply legal standard A, but instead chose to apply legal standard B. At all pertinent steps in this litigation, the government has urged the courts to consider the full subjective standards set out in the statute. Instead of arguing that the courts ought not to apply the standard required by law, the government instead maintained that the court should apply the reasonable person standard used whenever

1. Mrs. Jefferson makes no argument that the magistrate or district court incorrectly denied benefits under 42 U.S.C. § 406(b)(1). Accordingly, we do not address the issue. In a well-reasoned opinion, the magistrate denied fees under that section because § 406(b)(1) calls for fees based on a percentage of recovery gained by the plaintiff. Here Mrs. Jefferson did not regain any benefits; instead, she was merely not required to repay benefits that had been overpaid to her.

2. Plaintiff erroneously contends that subsequent amendments to section 2412 invalidate the stan-

dards elucidated in *White: White* cites verbatim the section of 2412 which we apply today. *See White,* 740 F.2d at 839.

3. *Haitian Refugee Center* does suggest that the standard is something greater than "mere reasonableness." The court in *Haitian Refugee Center* did not define the increment it would add to the current reasonableness standard. Nor do we need address that difference, since we conclude that the government's actions in this case have been more than "merely reasonable."

the facts do not reveal any special subjective considerations. *See, e.g.,* R1–9–9, 16–18. Furthermore, the administrative law judge applied the standard set forth in the statute. R1–10–9–10.

Given the facts of this case, we cannot find that the magistrate and district court erred in their determination that the plaintiff was not entitled to fees and costs under section 2412. Consequently, the opinion of the magistrate and district court is

AFFIRMED.