**Anthony L. CELESTE, Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary of the Department of Health and Human Services, Defendant.**

**No. 87–6848–CIV–JAG.**

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

April 3, 1990.

---

Anthony L. Celeste, Sunrise, Fla., pro se.

Richard Harrison, Office of the U.S. Atty., Miami, Fla., for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the motion of Anthony L. Celeste (Celeste), the plaintiff in this action, for an award of attorney's fees and costs. The defendant, Louis Sullivan (Sullivan), has filed a response in opposition to the relief sought and the plaintiff's motion is ripe for decision.

Because of a personality disorder, the plaintiff sought disability benefits under the Social Security Act (SSA or the Act). After three levels of proceedings before Administrative Law Judges (ALJs) LJ's and the SSA Appeals Council, he filed suit in federal court. The Appeals Council decided that further medical testing was needed, so this court remanded the case to the Administration for further proceedings. The ALJ recommended a finding of disability from September 1980 to September 1985 because of Celeste's mental impairment. The Appeals Council affirmed and this court entered final judgment on June 2, 1989. On June 30, 1989, the plaintiff filed a timely petition under the Equal Access to Justice Act (EAJA) within the jurisdictional 30–day period of the act. *See* 28 U.S.C.A. § 2412(d)(1)(B) (West Supp.1989); 5 U.S. C.A. § 504(a)(2) (West Supp.1989).

The plaintiff proceeded pro se, without counsel, throughout the administrative and the judicial proceedings. He seeks an award of costs and reasonable attorney's fees for his own time to the extent he performed the function of an attorney. He has filed detailed statements of his time, functions performed, and actual costs incurred. *See* 28 U.S.C.A. § 2412(d)(1)(B) (West Supp.1989).

The EAJA statute, 28 U.S.C.A. § 2412(b) (West Supp.1989), provides:

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought ... against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable under the common law or under the terms of any statute which specifically provides for such an award.

Section (d)(1)(A) states:

"Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a) [costs allowable under 28 U.S.C. § 1920], incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought ... against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

The statute also specifically defines, "fees and other expenses" in (d)(1)(A), as including:

> the reasonable expenses of expert witnesses, ... which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded ... shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee)

There are a number of threshold issues. First, to recover under the EAJA, Celeste must be a prevailing party. The Eleventh Circuit defines the standard for prevailing parties under the Civil Rights' attorneys' fees provision, 42 U.S.C. § 1988, the same as that term is used in the EAJA. *See Jean v. Nelson*, 863 F.2d 759, 765 (11th Cir.1988) (explicitly equating "prevailing party" in both statutes). Contrary to previous Circuit decisions, the Supreme Court has recently adopted a very liberal standard of who qualifies as an eligible party. In *Texas State Teachers v. Garland Independent School District*, —— U.S. ——, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), the Court held that a "prevailing party" under 42 U.S.C. § 1988 need only show success on *any significant* claim affording *some* of the relief sought, whether *pendente lite* or *upon termination of the suit.*

■ In this case, Celeste has certainly established, and the government has failed to rebut, that he is a prevailing party in this action. After three series of administrative hearings and appeals, he finally obtained relief after he filed this action. Moreover, he was awarded benefits for a five year period.

There is a fee shifting statute independent of the EAJA in the Social Security Act, found at 42 U.S.C. § 406(b). However, contrary to the government's assertions, this statute has been construed independently of the EAJA and the Eleventh Circuit has held that it does not bar an EAJA award. *See Watford v. Heckler*, 765 F.2d 1562 (11th Cir.1985) (citing this as "well settled" law, p. 1562, and holding that the 25% fee cap in § 406(b) does not apply to the EAJA, pp. 1565–68).

■ The next issue is whether there should be no award if the government's position in this case was "substantially justified" or there were "special circumstances" making any such award "unjust". But, the government fails to make any assertion or argument on either of these two points. Failure to assert and carry the burden of proof is fatal for the government. Unlike the 30–day filing requirement for EAJA motions which is commonly held to be a matter of subject matter jurisdiction, the "substantial justification" and "special circumstances" are affirmative defenses in the sense that the United States has the burden of proof. *See Jefferson v. Bowen*, 837 F.2d 461, 462 (11th Cir.1988). Even if this court were to examine the record as a whole to make such a determination, *see* 28 U.S.C.A. § 2412(d)(1)(B), it is not clear that the government would prevail. After three seperate hearings before Administrative Law Judges and three appeals to the SSA Appeals Council, the government failed to award any disability benefits. Upon filing suit, the Secretary deemed further medical testing helpful and was able to have the cause remanded under the liberal "good cause" provisions of 42 U.S.C.A. § 405(g) (1983). Thereupon, after consideration of testimony from one additional medical expert, the plaintiff was awarded benefits. Based on the record and the government's default on this issue, the plaintiff's recovery is not barred by any "substantial justification" of the government or "special circumstances".

■ Based on the above determinations, the court now reaches the crux of the motion: Can a pro-se party who prevailed in his federal lawsuit on a claim for disability benefits under the Social Security Act recover for attorneys' fees and costs under the EAJA? This court answers affirmatively.

In terms of costs, there is no real issue. The government concedes that the plaintiff is entitled to the usual costs under 28 U.S.C. § 1920 and § 1821. Therefore, the plaintiff's request for the following photocopying costs are allowable and the court specifically finds them to be both reasonable and necessary: photocopying, 350 pages at rate of 10¢ per page for total of $35. *See* 28 U.S.C.A. § 1920(4). The plaintiff also requests the following expert witness fees: Richard Sabates, M.D. ($75), Richard Kishner, M.D. ($75), and William Pepitone, Ph.D ($35). The court shall allow $35 per expert for a total of $105 pursuant to 28 U.S.C.A. § 1821 (West Supp.1989) [attendance fee and per diem allowance for travel expenses], 28 U.S.C.A. § 1920(3), and 28 U.S.C. § 2412(d)(2)(A), as reasonable and necessary costs. The plaintiff also seeks to recover incurred cost for the purchase of the Physicians' Desk Reference and Title 20 of the Code of Federal Regulations. Based on a total cost of $58 and the lack of government opposition, the court finds these to be "other expenses" allowable under 28 U.S.C.A. § 2412(d)(2)(A) as necessary for the preparation of the plaintiff's case.

■ The final category is office supplies to which the government objects to any award. The plaintiff seeks an award for the following incurred costs: (1) 3 cardboard filing cabinets ($30), (2) a Smith–Corona personal word processor (75% of $675 or, $505), and (3) computer accessories such as printwheels ($26), storage diskettes ($18), and printing ribbons ($24). The government objects to these expenses as lacking statutory authority. This position is grounded in the fact that the EAJA is a waiver of the federal government's sovereign immunity. Hence, the accepted rules of construction apply; namely, that such waivers must be strictly construed and the language of waiver must be clear.

Celeste relies upon the language of "necessary for preparation of the party's case" in section 2412(d)(2)(A) for support. The plaintiff argues that he purchased the word processor and the accompanying equipment to minimize costs. The computer was purchased used and he is only requesting 75% of the cost since he still has the unit for his personal use. Moreover, had Celeste used a commercial word processing firm, he would likely be able to recover these expenses as "printing" costs pursuant to 28 U.S.C.A. § 1920(3) (West Supp.1989). Finally, if the plaintiff had been an attorney, he would have been able to factor these costs into his attorney's fee given his secretary's services.

While the court appreciates the plaintiff's efforts, the statutory language in the EAJA and section 1920 simply do not allow for the assessment of capital expenditures such as office supplies and word processors.

The plaintiff also seeks recovery for his travel costs to the law library to research his case. To the extent that these costs are allowable at all, they are subsumed in the request for attorney's fees below and not otherwise allowable.

The last issue is whether Celeste can recover attorney's fees for his time even though he prosecuted this action pro se and is not, in fact, a licensed lawyer.

■ The government relies upon the statutory term "attorney" as limiting such an award to licensed practitioners. Once again, the defendant relies upon the strict construction given to waivers of sovereign immunity.

If the court does decide that there is to be an award of fees, Celeste is also entitled to payment for his time utilized to prosecute his claims before the administrative agency on the remand, but not costs incurred prior to initiation of the federal case. *See Sullivan v. Hudson,* —— U.S. ——, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989).

Celeste relies upon a case from the D.C. Circuit Court of Appeals, *Jordan v. United States Dept. of Justice,* 691 F.2d 514 (D.C. Cir.1982). Therein, the court allowed attorneys' fees under the EAJA for uncompensated law students. The decision explicitly noted that its decision was based on prior opinions granting relief to pro se litigants. *Id.* at 523 n. 82. To some extent, the Eleventh Circuit has followed this reasoning. In *Jean,* the court allowed an EAJA award for attorneys' fees by paralegals

and law clerks. The standard allows for recovery "to the extent that the paralegal performs work traditionally done by an attorney."

Celeste has a strong argument. He states that the government cannot have it both ways: either "attorney" means licensed lawyer thereby excluding law clerks and paralegals or it includes any person performing functions traditionally associated with those performed by a lawyer. Moreover, the equities of this case are strong. The plaintiff claims to have tried but was unable to find any attorney to take his case. He was apparently told that his case was too difficult, too costly, and too speculative to take on a contingency basis. His only remedy was to defend himself.

Further, Celeste did a good job. He fought through at least four levels of administrative review and instituted a federal case before he gained eligibility for disability benefits. Moreover, his petition and supporting documentation are not only detailed, but are intelligently drafted and persuasive.

There is also a policy issue at stake. The EAJA was passed, *inter alia,* to remove one of the prime barriers (litigation costs) to an individual's use of the legal system to remedy unreasonable government action. It certainly should not be held against a citizen that he is able to show the patience to try to understand often complex law and prosecute his own claim. This was especially difficult in this case as the plaintiff suffers from a mental impairment, has no post-secondary education, and no apparent legal experience. While some persons may assume that lawyers have a monopoly on the legal system, this is just not so. Attorneys are often necessary to bring the needed intelligence and specialization to the law. But, this country's system of law does not relegate a citizen to no remedy at all if an attorney will not take the case. Congress did not pass the EAJA to close the courthouse doors for intelligent citizens who must litigate their own claim because no attorney will represent them.

Based upon the above considerations, the court finds that the plaintiff is entitled to an award of reasonable attorney's fees.

In determining the amount of the award, the court looks to controlling law in this circuit. *See Fitzpatrick v. Internal Revenue Service,* 665 F.2d 327, 331–32 (11th Cir.1982); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974); *cf. Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1298–1304 (11th Cir.1988).

■ Celeste requests a total of 251.75 hours. This time encompasses the filing of the federal action, the motion to proceed *in forma pauperis,* the motion for an award of interim benefits, the response to the defendant's motion for remand, preparation of briefs to the ALJ and the Appeals Council, and review of all orders. He kept his time to the nearest quarter hour. The plaintiff also notes that his time for preparation is obviously longer than an attorney would have required given his lack of legal knowledge and his mental impairment. Of course, the costs disallowed above such as printing, office supplies, and travel time would be properly considered here in calculating a "reasonable" fee.

The court finds that the entire time requested is reasonable under the circumstances. Celeste has offered and the statute requires that the court consider the market rate for attorneys in this type of case doing this type of work. It is also noteworthy that the plaintiff's filing are clear, adequately written, and persuasive as some filings made by members of the bar. The court finds that this case requires an attorney's fee of $75 per hour. In arriving at this figure, the court has considered that the plaintiff does not have the committment to overhead and other fixed expenses of an attorney regularly engaged in law practice.

In fixing the amount of the reasonable fee, the court has considered the possibility of enhancing the award. But, in these circumstances, the lodestar figure of total hours multiplied by the hourly fee is appropriate. The issues raised by the plaintiff were difficult to assert as evidenced by the refusal of an attorney to accept the case and the multiple layers of administrative

**1014**

and judicial review needed to recover. The court is also impressed that the plaintiff had to take this case since it was his own life that was involved and he had no guarantee of recovering the costs of his time.

The results obtained were also significant in that Celeste recovered disability payments for a five year period. In addition, had an attorney sought compensation in this case, the amount awarded would have been much higher in light of the higher hourly fee.

Accordingly, having considered the motion and the record in this cause, it is hereby

ORDERED AND ADJUDGED that the plaintiff's motion for an award of costs and attorneys' fees is GRANTED IN PART AND DENIED IN PART. The plaintiff shall be awarded total costs of $198.

Attorney's fees shall also be awarded to the plaintiff. The court finds that the reasonable fee in this case is the hours performed (251.75) multiplied by the hourly fee of $75 for a total amount of $18,881.25.

Judgment as to the total amount of attorney's fees and costs shall be entered by separate order of the court.

DONE AND ORDERED.