**Otis REESE, Plaintiff–Appellant,**

v.

**Louis SULLIVAN, Secretary of the Department of Health and Human Services, Defendant–Appellee.**

**No. 90–7277**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 11, 1991.

Lawrence Gardella, Legal Services Corp. of Alabama, Abigail P. van Alstyne, Montgomery, Ala., for plaintiff-appellant.

James E. Wilson, U.S. Atty., Kenneth E. Vines, Asst. U.S. Atty., Montgomery, Ala., Mary Ann Sloan, Dept. of Health and Human Services, Office of General Counsel, Mack A. Davis, Bruce R. Granger, Elyse Sharfman, Atlanta, Ga., for defendant-appellee.

Before CLARK, EDMONDSON and COX, Circuit Judges.

PER CURIAM:

Plaintiff Otis Reese appeals the district court's denial of his application for attorney's fees claimed under the Equal Access to Justice Act (EAJA). This is the second appeal to this court in this case; in the first, we reversed the district court's decision affirming the Secretary's denial of disability benefits and supplemental security income. *Reese v. Bowen*, 837 F.2d 1093 (11th Cir.1988) (table) (unpublished opinion). On remand, the administrative law judge (ALJ) granted the requested benefits, and the district court affirmed without opinion. Plaintiff then moved for award of attorney's fees pursuant to the EAJA (28 U.S.C. § 2412(d)(1)(A)), which provides for the award of attorney's fees to the prevailing party in a suit against the United States unless the government's position in the suit was "substantially justified."

Plaintiff disputes the district court's conclusion that the ALJ's original decision on the merits and the Secretary's acceptance of that decision were "substantially justified." The district court reached this result because it believed that "the presence of a factual dispute among the physicians who treated and evaluated Plaintiff is sufficient to find that the Government's position was reasonable and, thus, 'substantially justified.'" We review the district court's denial of attorney's fees for abuse of discretion; this standard requires great deference to the district court's findings of fact but allows for close scrutiny of its rulings on questions of law. *Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir.1987).

We cannot agree with the district court's conclusion that the presence of a factual dispute, standing alone, precluded it from holding that the government's position was not substantially justified. The Supreme Court has held that the government's position is "substantially justified" when it has a "reasonable basis both in *law and fact.*" *Pierce v. Underwood*, 487 U.S.

552, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988) (emphasis added).

In our first decision in this case, we held that the Secretary's decision that plaintiff could perform light work was not supported by substantial evidence and that the ALJ's "general finding" in this regard could not, as a matter of law, meet the burden of demonstrating that plaintiff retains the residual capacity to work. *Reese v. Bowen,* slip op. at 3. In addition, we held that "the Secretary failed to consider Reese's complaints of subjective pain." *Id.* In assessing the reasonableness of the government's position in this case, we note that both of the errors forming the basis for our original reversal were contrary to clearly established statutory and court precedent. *See Jean v. Nelson,* 863 F.2d 759, 767 (11th Cir.1988) (among the factors to consider when evaluating reasonableness are "views expressed by other courts on the merits" and "the clarity of the governing law").

Regarding the Secretary's acceptance of the ALJ's general finding that plaintiff could still perform light work, "this Court has long held that such conclusory statements are unacceptable." *Hudson v. Sec'y of Health & Human Serv.,* 839 F.2d 1453, 1458 (11th Cir.1988) ("The Secretary cannot claim the position was substantially justified when he accepted the conclusory statement that the ALJ had 'carefully considered all the testimony given at the hearing and the documents described in the List of Exhibits....' "). Much more is required from the ALJ and the Secretary to facilitate judicial review of the agency decision:

> This [conclusory] statement tells us nothing whatsoever—it goes without saying that the ALJ gave the testimony the weight he believed should be accorded to it. What is required is that the ALJ state specifically the weight accorded to each item of evidence and why he reached that decision. In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.

*Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir.1981) (cited in *Reese v. Bowen,* slip op. at 3).

Similarly, the ALJ's summary dismissal of plaintiff's subjective complaints of pain failed to meet clearly established statutory requirements. The ALJ's finding on this issue was limited to one sentence: "The claimant's allegations of pain and discomfort have been carefully considered, however, the medical and other evidence in this case fails to establish that this pain and discomfort is severe enough to place a significant restriction on his occupational activities." Missing from the ALJ's opinion was any analysis of the factors that Congress has said that the agency *must* consider before discrediting such subjective complaints of pain. *See* 42 U.S.C. § 423(d)(5)(A) (enacted in 1984, one year before the ALJ's decision in this case). Our decisions interpreting this statutory provision have made clear that the ALJ must consider whether (1) objective medical evidence confirms the severity of the alleged pain arising from an underlying medical condition or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain. *Mason v. Bowen,* 791 F.2d 1460, 1462 (11th Cir.1986) (quoting S.Rep. No. 466, 98th Cong., 2d Sess. 24).

The Secretary concedes on appeal that the ALJ committed legal error in discrediting plaintiff's subjective complaints without the required additional analysis. But, the Secretary contends that there was enough evidence supporting the ALJ's decision to make it "reasonable" for our analysis. As the Secretary explains it, the ALJ "did not take a position contrary to the regulation regarding the evaluation of pain nor apply a higher standard, but simply neglected to recite the applicable evaluation steps." This explanation is unavailing. Given the clear congressional guidance on the proper analysis of subjective complaints of pain and our clear mandate that such findings must be supported by more than conclusory statements, we believe the Secretary's decision to accept the ALJ's decision had no reasonable basis in law,

whether or not it was supported by some factual evidence.

Because the district court failed to consider whether the government's position had a reasonable basis in law and because we conclude that it did not, we REVERSE the district court's denial of attorney's fees and REMAND the case for appropriate proceedings.