William Kanter, Ann Southworth, Marc Richman, Dept. of Justice, Civ. Div., Washington, DC, for defendant-appellant.

Anthony L. Celeste, Tamarac, FL, for plaintiff-appellee.

Before TJOFLAT, Chief Judge, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM.

Appellant Louis W. Sullivan, M.D., Secretary of the Department of Health and Human Services appeals the district court's award of attorney fees to appellee Anthony Celeste, a pro se litigant. We reverse.

Anthony Louis CELESTE,
Plaintiff–Appellee,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellant.

No. 91–5028
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 18, 1992.

I.

In 1983, Anthony Celeste claimed entitlement to disability benefits under the Social Security Act. After three unsuccessful proceedings before administrative law judges and the Social Security Administration Appeals Council ("Appeals Council"), Celeste sought judicial review in the district court. Shortly after Celeste commenced the action in federal court, the Appeals Council determined Celeste required further medical testing; and the district court remanded the case to the Social Security Administration for further proceedings. The administrative law judge recommended a finding of disability for the period September 1980 through September 1985 because of Celeste's mental impairment. The Appeals Council affirmed that finding, and the district court entered a final judgment validating Celeste's claim

for benefits. Celeste filed a petition for costs and attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.[1] The district court awarded to Celeste costs in the amount of $198.00 and attorney fees in the amount of $18,881.25.[2] 734 F.Supp. 1009. The Secretary appeals the award of attorney fees, urging that the Equal Access to Justice Act permits no awards of attorney fees to pro se litigants. We agree.

## II.

The Supreme Court's recent decision in *Kay v. Ehrler*, —— U.S. ——, ——, 111 S.Ct. 1435, 1436, 113 L.Ed.2d 486 (1991), held that pro se litigants who are also lawyers are entitled to no award of attorney fees under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988. The Court in *Kay* noted the broad agreement among the circuits "on the proposition that a pro se litigant who is *not* a lawyer is *not* entitled to attorney's fees," and stated that the cases so holding were correctly decided. *Id.* —— U.S. at ——–——, 111 S.Ct. at 1436–37. The Court reasoned that "Congress contemplated an *attorney-client relationship* as the predicate for an award under § 1988" and that a rule authorizing "awards of counsel fees to pro se litigants ... would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case." *Id.* —— U.S. at ——–——, 111 S.Ct. at 1437–38 (emphasis added).

1. The Act provides in part:
   "... [A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."
   \* \* \* \* \* \*
   ... "fees and other expenses" includes ... reasonable attorney fees....

The Equal Access to Justice Act is the "counterpart to § 1988 for violation of federal rights by federal employees." *West Virginia Univ. Hosps. Inc. v. Casey*, —— U.S. ——, ——, 111 S.Ct. 1138, 1142, 113 L.Ed.2d 68 (1991). The fee shifting provisions in section 1988 and in the EAJA serve the same purposes. *See Crooker v. E.P.A.*, 763 F.2d 16, 17 (1st Cir.1985) (finding no fundamental difference between purposes of EAJA and Civil Rights Attorney's Fees Awards Act). So, we believe the principles announced in *Kay* apply with equal force to preclude attorney fees awards to pro se litigants under the Equal Access to Justice Act.

Today's decision agrees with other circuits that have addressed this issue, each of which has held that pro se litigants are unentitled to attorney fees under the EAJA. *See Naekel v. Dept. of Transportation*, 845 F.2d 976 (Fed.Cir.1988); *Merrell v. Block*, 809 F.2d 639, 642 (9th Cir. 1987); *Crooker v. E.P.A.*, 763 F.2d at 17 (1st Cir.1985). Our ruling is also consistent with our earlier decisions finding attorney fees unavailable to pro se litigants under analogous federal fee shifting statutes. *See Cofield v. City of Atlanta*, 648 F.2d 986, 987–88 (5th Cir.1981) (§ 1988); *Clarkson v. IRS*, 811 F.2d 1396, 1397 n. 2 (11th Cir.1987) (Privacy Act).

Celeste argues that our ruling in *Jean v. Nelson*, 863 F.2d 759 (11th Cir.1988), compels us to affirm. In *Jean*, we affirmed an award of attorney fees consisting in part of time spent by law clerks and paralegals performing work traditionally done by an attorney. *Id.* at 778. Celeste insists that *Jean* authorizes attorney fees awards under the EAJA not only to licensed attor-

28 U.S.C. § 2412(d).

2. Celeste appeared pro se during the third administrative proceeding and in his appeal to the district court. The district court calculated the award to Celeste based on the hours of work he performed (251.75) multiplied by an hourly rate of $75.00, for a total of $18,881.25.

neys, but to "anyone who fulfills the role of an attorney," including pro se litigants. Appellee's Brief at 19. We reject this argument. In *Jean*, there was an attorney-client relationship to serve as a basis for a fee award: the plaintiffs were represented by counsel, who employed the clerks and paralegals involved. Our ruling in *Jean* simply encourages economy in litigation,[3] and it is fully consistent with Congress' intention that fee shifting provisions "create an incentive to retain counsel in every case." —— U.S. at ——, 111 S.Ct. at 1438.

### III.

For the reasons above, we reverse the award of attorney's fees to appellee Celeste.

REVERSED.

---

**3.** We explained our affirmance of attorneys fees awards reimbursing counsel for law clerk and paralegal time in pragmatic terms, but in no way suggested that fees would be proper in the absence of an attorney-client relationship: "To [deny reimbursement for clerk and paralegal time] would be counterproductive because ex-

cluding reimbursement for such work might encourage attorneys to handle entire cases themselves, thereby achieving the same results at a higher overall cost." *Jean,* 863 F.2d at 778.

