165 F.3d 33
 82 A.F.T.R.2d 98-7161
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael ROTZINGER, Plaintiff--Appellant,
v.
UNITED STATES OF AMERICA, Ron Nimmers, Investigator of
Internal Revenue Service, John Moran, Supervisor
of Internal Revenue Service, et al.,
Defendants--Appellees.
 No. 98-2216.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 6, 1998.*
Decided Nov. 13, 1998.
Rehearing Denied Dec. 15, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois. No. 98 C 4015. Joe B. McDade, Judge.
 Before Hon. THOMAS E. FAIRCHILD, Hon. WILLIAM J. BAUER, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 This appeal is the latest in a series of attacks Michael Rotzinger has mounted on his 1993 contempt of court conviction for his federal income tax protests. Rotzinger is a tax accountant and self-styled "tax protester" who chooses to demonstrate his displeasure with the Internal Revenue Service by counseling his clients to exclude from their federal income tax returns income that should be included. The United States District Court in United States v. Rotzinger, 1988 WL 179794 (C.D.Ill.1988) enjoined Rotzinger from advising his clients to take illegal deductions or in any other way violate the federal income tax code under penalty of being held in contempt of court. In 1994 Rotzinger was indicted on six counts of willfully violating this order. He pled guilty to four of the counts, not pursuant to a plea agreement, and the government moved to dismiss the other two. Rotzinger was sentenced to 21 months' imprisonment followed by a term of three years' supervised release. The court imposed all of the standard conditions of supervision as well as special provisions prohibiting Rotzinger from owning or possessing a weapon and various admonitions to cooperate with the I.R.S. and not to prepare other peoples' taxes. Rotzinger appealed to this court and we affirmed his sentence. United States v. Rotzinger, 28 F.3d 1217 (7th Cir.1994). He then filed several more motions with the district court, one of which, a motion for return of property, was allowed in part and denied in part. Rotzinger appealed the denial in part and this court remanded to the district court to determine whether the search was lawful. United States v. Rotzinger, 47 F.3d 1174 (7th Cir.1995). The district court did not determine the lawfulness of the search, but did order the return of Rotzinger's property.
 
 
 2
 Rotzinger then brought this suit in the district court for damages under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Specifically, Rotzinger claims that the I.R.S. searched his home, seized his records, used his client list as evidence against him, and had him arrested in violation of the Fourth and Fifth Amendments. He also asserts that the I.R.S. exceeded its authority by investigating the contempt charge against him. Finally, Rotzinger alleges that the sentence the district court imposed in October 1993 was greater than allowed by law and that the administration of drug tests and the requirement that he submit financial information as conditions of his release were unconstitutional invasions of his privacy. The defendants moved to dismiss for failure to state a claim upon which relief could be granted and the district court granted their motion. Rotzinger timely filed this appeal.
 
 
 3
 We review de novo the district court's decision to dismiss, taking Rotzinger's factual allegations as true and drawing all reasonable inferences in his favor. See Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 669 (7th Cir.1998). We will affirm the district court's order of dismissal only if "it appears beyond doubt that [Rotzinger] can prove no set of facts in support of his claim which would entitle him to relief." Strasburger v. Board of Educ., 143 F.3d 351, 359 (7th Cir.1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).
 
 
 4
 Rotzinger's first claim is that the I.R.S. searched his home, seized his papers and other materials, and arrested him in violation of the Fourth Amendment. He also claims that the I.R.S. violated his Fifth Amendment privilege against self-incrimination when it used his client list against him in the investigation. However, this complaint about the use of his client list is really a Fourth Amendment claim and we will treat it as such. See Baltimore Dept. of Soc. Servs., v. Bouknight, 493 U.S. 549, 555, 110 S.Ct. 900, 107 L.Ed.2d 992 (1990) (individual compelled to produce document "may not claim the [Fifth] Amendment's protections based upon the incrimination that may result from the contents or nature of the thing"). The district court held that Rotzinger is barred from raising these claims by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Under Heck, a "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. See also Clemente v. Allen, 120 F.3d 703, 705 (7th Cir.1997) (applying Heck to actions brought under Bivens ). Rotzinger's underlying conviction for contempt of court has not been invalidated (in fact, we affirmed it on direct appeal, see United States v. Rotzinger, 28 F.3d 1217 (7th Cir.1994)). However, this court has recognized that Fourth Amendment claims do not inevitably undermine a conviction because a plaintiff may have a successful wrongful search, seizure, or arrest claim and still have a perfectly valid conviction. See Washington v. Summerville, 127 F.3d 552, 556 (7th Cir.1997). Thus, these claims do not face a bar under Heck.
 
 
 5
 Instead, Illinois' two-year statute of limitations for personal injury suits bars these claims. Delgado-Brunet v. Clark, 93 F.3d 339 (7th Cir.1996) (Bivens claims are subject to state statute of limitations for personal injury actions). The search, seizure, arrest, plea, and sentence that Rotzinger alleges violated his constitutional rights all took place between 1988 and 1993. Because the claims arising from these incidents were never barred by Heck, the statute of limitations began to run when Rotzinger knew or should have known that his constitutional rights had been violated--the date of the events. This civil suit, brought in 1998, is clearly past the two-year time limit.
 
 
 6
 Rotzinger further claims that the I.R.S. did not have the authority to investigate the charge of contempt stemming from the district court's 1988 order. It is unclear whether this challenge, if successful, would necessarily undermine the validity of his conviction and therefore trigger Heck. Regardless, we affirm the district court's dismissal of this issue because it is clearly frivolous. See, e.g., Clarkson v. I.R.S., 811 F.2d 1396, 1397 (11th Cir.1987) ("The IRS is, of course, authorized to investigate illegal tax protester strategies and activities"), cited with approval in Becker v. I.R.S., 34 F.3d 398, 409 (7th Cir.1994).
 
 
 7
 Finally, Rotzinger claims that his sentence was greater than permitted by law and the conditions of supervisory release were an unconstitutional violation of his privacy. He explains that "[k]idnapping [sic] can occur when an individual is deprived of his freedom against his will." Rotzinger's conviction and sentence were affirmed by this court, however, and remained undisturbed through his three unsuccessful habeas petitions. Furthermore, the probation officers that Rotzinger names as defendants simply required him to submit to the terms imposed by the valid district court sentence. Rotzinger does not allege that these officers did anything to violate his rights other than perform the duties they were commissioned to do. Therefore the district court properly dismissed these claims as well.
 
 
 8
 To date, Michael Rotzinger has filed nine appeals with this court stemming from his 1994 contempt of court conviction. Almost all of these appeals have been frivolous. Accordingly, we order Rotzinger to show cause within 14 days of the date of this order why he should not be fined $1,000 as a sanction for filing the present frivolous appeal.
 
 
 9
 Because not one of Rotzinger's complaints states a claim upon which relief may be granted, the district court's dismissal of the case is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)