[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11785
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00102-LGW-JEG

OLIVIA MONROE,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 3, 2013)

Before BARKETT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Olivia Monroe, through counsel, appeals the district court's order affirming

the Commissioner of Social Security's (the "Commissioner") denial of her

application for supplemental security income.  On appeal, Monroe argues that

substantial evidence did not support the Administrative Law Judge's ("ALJ") determination that Monroe did not meet the criteria of Listing 12.05(C), which concerns mental retardation and would support her claim.

We review a Commissioner's decision to determine whether it is supported by substantial evidence and whether the proper legal standards were applied. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). The Social Security Regulations outline a five-step sequential process used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). Under the first step, the claimant has the burden to show that she is not currently engaged in substantial gainful activity. *Id.* § 404.1520(b). Monroe meets this requirement. Next, she must show that she has a severe impairment. *Id.* § 404.1520(c). Monroe has severe impairments, however, she must still then either show that the impairment meets or equals the criteria contained in one of the Listings of Impairments. *Id.* § 404.1520(d), or show that the impairment prevents her from performing her past relevant work. *Id.* § 404.1520(e), (f). If she shows that the impairment meets or equals the criteria contained in one of the Listings of Impairments, the inquiry ends and she is entitled to benefits. If her impairment does not meet the Listing criteria, she can still recover benefits if she is able to show that she cannot perform her past relevant work.

In this case, we conclude that her impairment meets the Listing of Impairments for mental retardation.  Dr. Muller, an examining physician, determined that on the Wechsler Adult Intelligence Scale, 3rd Edition ("WAIS-III"), Monroe "obtained a Full Scale IQ of 51, which suggests she is currently functioning in the Mild Range of Mental Retardation."  (*Id.*).  Dr. Muller noted that Monroe scored a Verbal IQ of 59, a Performance IQ of 51, and a Full Scale IQ of 51, all of which were in the mild range of mental retardation.  (*Id.* at 321).  Dr. Muller summarized that Monroe was functioning in the mild range of mental retardation, showed academic achievement at approximately the third grade level, and exhibited symptoms of depression.  (*Id.*).  Dr. Muller stated that Monroe was "functionally as well as intellectually retarded.  Ms. Monroe dropped out [of] special education classes in the eighth grade and then depended on others for support in basic living ever since."  (*Id.*).

Listing 12.05 "contains an introductory paragraph with the diagnostic description for mental retardation."  20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(A).  The impairment must satisfy the diagnostic description in the introductory paragraph and any one of the four sets of criteria described in section 12.05 to meet the Listing's requirements.  *Id.*

Listing 12.05, "Mental retardation," provides,

Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially

3

manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05.  Listing 12.05(C) requires a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.* § 12.05(C).  "Generally, a claimant meets the criteria for presumptive disability under section 12.05(C) when the claimant presents a valid I.Q. score of 60 to 70 inclusive, and evidence of an additional mental or physical impairment that has more than 'minimal effect' on the claimant's ability to perform basic work activities." *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).  We have held that "a claimant need not present evidence that she manifested deficits in adaptive functioning prior to the age twenty-two, when she presented evidence of low IQ test results after the age of twenty-two." *Hodges v. Barnhart*, 276 F.3d 1265, 1266 (11th Cir. 2001).

On this record, we find that because she met the criteria of Listing 12.05(C), her application for supplemental security income, should have been granted.

**VACATED AND REMANDED.**