[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13581
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00102-LGW-JEG


OLIVIA MONROE,

                                                              Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

                                                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 23, 2014)

Before MARCUS, KRAVITCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Olivia Monroe appeals the district court's denial of her motion for attorney's fees, pursuant to the Equal Access to Justice Act ("EAJA").  An administrative law judge ("ALJ") initially denied Monroe's application for Supplemental Security Income ("SSI"), finding that she did not have a requisite impairment under the Listings of Impairments in 20 C.F.R. pt. 404, subpt. P, app. 1.  Monroe then filed a complaint to the district court.  In response, the Commissioner of Social Security ("the Commissioner") argued that Monroe did not qualify as mentally retarded under Listing 12.05(C).  After the district court affirmed the ALJ's denial of Monroe's SSI application, we reversed, holding that Monroe had met the standard for mental retardation under Listing 12.05(C), and, as such, her application should have been granted.  *See Monroe v. Comm'r of Soc. Sec.*, 504 Fed.App'x 808 (11th Cir. 2013) (unpublished).

Monroe then filed the instant motion for attorney's fees under the EAJA, which the district court denied.  In support, the district court found that, notwithstanding our reversal, the Commissioner's position that Monroe did not meet the requirements of Listing 12.05(C) was substantially justified.  Accordingly, the court concluded that Monroe was not entitled to attorney's fees under the EAJA.  On appeal, Monroe argues that the court should have granted her motion because the Commissioner's position was not substantially justified.

2

We review the district court's decision whether to award attorney's fees under the EAJA, as well as the determination as to whether the government's position was substantially justified, for an abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 559, 108 S.Ct. 2541, 2547, 101 L.Ed.2d 490 (1988). This standard requires great deference to the district court's findings of fact but allows for close scrutiny of its rulings on questions of law. *Reese v. Sullivan*, 925 F.2d 1395, 1396 (11th Cir. 1991).

Following entry of a favorable judgment in a Social Security case, a prevailing party may obtain attorney's fees in two different ways. First, under 42 U.S.C. § 406(b), the district court may award a "reasonable fee . . . , not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). This fee is paid directly to the party's attorney, not to the party herself. *Reeves v. Astrue*, 526 F.3d 732, 736 (11th Cir. 2008). Under the EAJA, by contrast, a prevailing party shall recover attorney's fees and costs if, *inter alia*, the position of the United States was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A); *see Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 155, 110 S.Ct. 2316, 2317, 110 L.Ed.2d 134 (1990). We have held that an award under the EAJA is separate from an award under § 406(b). *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).[1]

---

[1] This appeal involves only attorney's fees pursuant to the EAJA.

3

To be "substantially justified" under the EAJA, the government's position must be "justified to a degree that could satisfy a reasonable person." *Jean*, 496 U.S. at 158 n.6, 110 S.Ct. at 2319 n.6 (quotations omitted). Thus, the government's position must have a "reasonable basis both in law and fact." *Reese*, 925 F.2d at 1396 (quotations and emphasis omitted). "The government bears the burden of showing that its position was substantially justified." *Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987). The outcome of the underlying litigation is not dispositive as to whether the government's position was substantially justified. *Pierce*, 487 U.S. at 569, 108 S.Ct. at 2552. Furthermore, a position can be justified even if it is not correct. *Id.* at 566 n.2, 108 S.Ct. at 2550 n.2.

With regard to our review of an ALJ's denial of a claimant's SSI application, we review an ALJ's decision to determine whether it was supported by substantial evidence and whether the proper legal standards were applied. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotations omitted). "Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Id.* at 1158-59 (quotations omitted). We have affirmed denials of motions for attorney's fees under the EAJA where the Commissioner's

4

litigation position was an application of a correct legal standard.  *See, e.g.*,

*Jefferson v. Bowen*, 837 F.2d 461, 462-63 (11th Cir. 1988).

The Social Security Regulations outline a five-step sequential process used

to determine whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4).

Specifically under Step 3, the claimant must show that her alleged impairment

meets or equals the criteria contained in one of the Listings of Impairments.  *Id.*

§ 404.1520(a)(4)(iii).

Listing 12.05 deals with mental retardation.  20 C.F.R. Pt. 404, Subpt. P,

App. 1 § 12.05.  Listing 12.05(C) requires a "valid verbal, performance, or full

scale IQ of 60 through 70 and a physical or other mental impairment imposing an

additional and significant work-related limitation of function."  *Id.* § 12.05(C).

"Generally, a claimant meets the criteria for presumptive disability under section

12.05(C) when the claimant presents a valid I.Q. score of 60 to 70 inclusive, and

evidence of an additional mental or physical impairment that has more than

'minimal effect' on the claimant's ability to perform basic work activities."

*Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).  An ALJ may find the

results of an IQ test to be incredible such that Listing 12.05(C) is not satisfied.  *See*

*Popp v. Heckler*, 779 F.2d 1497, 1499-1500 (11th Cir. 1986) (rejecting a claim of

Listing 12.05(C) mental retardation where the claimant's IQ score of 69 was

inconsistent with other evidence and there was good reason to believe that the

5

claimant exaggerated his problems).  Further, an ALJ "may reject any medical opinion if the evidence supports a contrary finding."  *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987).

The district court did not abuse its discretion in finding that the Commissioner's position that Monroe did not meet the requirements of Listing 12.05(C) was substantially justified.  First, the court did not abuse its discretion in finding that the Commissioner's position had a reasonable basis in fact.  The record shows that a physician diagnosed Monroe as having an IQ score of 51, which was sufficient to establish that she was presumptively disabled.  *See Lowery*, 979 F.2d at 837.  Nevertheless, the Commissioner's position that Monroe's IQ results were not valid and, thus, did not establish that she met the requirements of Listing 12.05(C), was based upon evidence in the record.  Specifically, Monroe's physician noted that the test results were a "low estimate" of her actual IQ, and that her depression and the side effects of her medication had compromised her IQ score by between 10 and 15 points.  Additionally, none of the other mental-health reports included in the record indicated that Monroe suffered from mental retardation.  Moreover, two consulting physicians had independently concluded that Monroe's IQ score was not consistent with her adaptive skills, and that a diagnosis of mental retardation was not warranted or supported.  Accordingly, the

6

district court did not abuse its discretion in finding that the Commissioner's position had a reasonable basis in fact.  *See Reese*, 925 F.2d at 1396.

Further, the district court did not abuse its discretion in finding that the Commissioner's position also had a reasonable basis in law.  Under our precedent, the ALJ was not required to accept Monroe's IQ score, and was permitted to reject it on the basis of the contrary evidence in the record.  *See Sharfarz*, 825 F.2d at 280.  Additionally, the ALJ had the discretion to find that the results of the IQ test were incredible, such that Listing 12.05(C) was not satisfied.  *See Popp*, 779 F.2d at 1499-1500.  Given this precedent, the Commissioner had a reasonable basis in law for defending the ALJ's finding that Monroe's IQ results did not satisfy Listing 12.05(C).  Accordingly, the Commissioner's position was substantially justified, and the district court did not abuse its discretion by denying Monroe's motion for attorney's fees under the EAJA.

**AFFIRMED.**