**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BETTY L. CAMERON,

       Plaintiff-Appellant,

v.

WILLIAM A. HALTER, [*]
Acting Commissioner of Social
Security,

       Defendant-Appellee.

No. 00-7092
(D.C. No. 99-CV-487-P)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** [**]

---

Before **EBEL** , **PORFILIO** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     On January 20, 2001, William A. Halter became the Acting Commissioner of Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Halter is substituted for Kenneth S. Apfel as the appellee in this action.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Claimant Betty L. Cameron appeals from the denial of her application for supplemental security income benefits. [1]  We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  We review the agency's decision on the whole record to determine only whether the factual findings are supported by substantial evidence and the correct legal standards were applied.  See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995).  We reverse and remand for additional proceedings.

Claimant was born on April 2, 1949.  She has a GED and has worked as an auditor and a bartender/waitress.  She filed her claim for benefits on September 25, 1996, alleging that she became disabled on that date due to multiple sclerosis, bone disease, hypoglycemia, and arthritis.  The administrative law judge (ALJ) denied benefits at step four of the evaluation sequence. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing steps in detail).  Claimant argues that the ALJ failed to consider all of her impairments in combination beginning at step two and improperly discounted the credibility of her complaints of disabling pain and other symptoms at step four.

_____

[1]    The parties consented to proceed to final disposition before a magistrate judge.  28 U.S.C. § 636(c)(3).

The ALJ found at step two that plaintiff has a severe back impairment caused by muscle inflexibility, pain, and tightness. Appellant's App., Vol. II at 14, 18 (finding 2). Although the ALJ also found that she had a "major" mental impairment, he did not address this additional impairment until step four. Id. at 17. This was error, as the Social Security Act requires that "[i]f [the agency] does find a medically severe combination of impairments, the combined impact of the impairments shall be considered throughout the disability determination process." 42 U.S.C. § 423(d)(2)(B); see also 20 C.F.R. § 416.923. Claimant's "major" mental impairment is supported by the medical evidence. See Appellant's App., Vol. II at 262, 276. By not considering claimant's mental impairment until step four, the ALJ improperly limited his analysis at step three only to the listings for musculoskeletal disorders. See id. at 15. On remand, the ALJ must consider all of claimant's impairments in combination beginning at step two. If the ALJ determines that the evidence of record is insufficient to evaluate claimant's mental impairment, he should exercise his discretion to order a mental consultative examination. See Hawkins v. Chater, 113 F.3d 1162, 1166-67 (10th Cir. 1997). We also note for the remand that the ALJ's existing conclusory assessment of the musculoskeletal listings at step three does not satisfy the requirement to specify which listings he reviewed, Clifton v. Chater, 79 F.3d

1007, 1009 (10th Cir. 1996), and to make "findings supported by specific weighing of the evidence," id.

Claimant also argues that the ALJ improperly discounted the credibility of her complaints of disabling pain and other symptoms at step four, which resulted in an improperly completed Psychiatric Review Technique Form (PRTF). She asserts that the ALJ took a boilerplate approach to his decision and did not specifically evaluate the medical evidence related to her physical or mental impairments. This argument has merit.

"'Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence.'" Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Diaz v. Sec'y of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990)). "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" Id. (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988) (footnote omitted)). The ALJ recited all of the factors he was required to consider with regard to claimant's claim of pain, see Appellant's App., Vol. II at 15, 16-17, but his decision does not reflect that he actually considered all of these factors. For example, the ALJ did not address the type, dosage, effectiveness, and

side-effects of claimant's medications, even though she has been prescribed numerous medications over the years. This is error.

In addition, the ALJ failed to follow the specific analysis for mental impairments required by the agency's regulations, as stated in Cruse v. United States Department of Health & Human Services, 49 F.3d 614, 617 (10th Cir. 1995). Even though the ALJ completed a PRTF and attached it to his decision, that is not enough. Rather, the ALJ was obligated to discuss in his decision the evidence as it related to his conclusions on the PRTF. "[I]f the ALJ prepares the form himself [instead of having a psychiatrist or psychologist do it], he must 'discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form.'" Id. at 617-18 (quoting Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994)). The ALJ did not discuss the evidence of claimant's mental impairments, except in the most cursory fashion. Thus, the ALJ's conclusions on the PRTF cannot be affirmed.

The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED and the case is REMANDED with instructions to remand the case to the agency for additional proceedings.

Entered for the Court

John C. Porfilio
Circuit Judge

-5-