**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 17 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BETTY L. CAMERON,

       Plaintiff - Appellant,

v.

JO ANNE B. BARNHART, *
Commissioner of Social Security
Administration,

       Defendant - Appellee.

No. 01-7145
(D.C. No. 99-CV-487-P)
(E.D. Oklahoma)

---

**ORDER AND JUDGMENT** **

---

Before **MURPHY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     On November 9, 2001, Jo Anne B. Barnhart became the Commissioner of
Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Ms. Barnhart is substituted for Larry G. Massanari as the
appellee in this action

\*\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff seeks review of two district court orders awarding, but greatly reducing, her application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  We have jurisdiction over the appeal, and we reverse.

Counsel represented plaintiff in her claim for social security disability benefits.  Plaintiff was unsuccessful before both the agency and the district court.  But on appeal this court reversed the district court's order upholding the Commissioner's denial of benefits and remanded the matter for additional agency proceedings.  *Cameron v. Halter*, No. 00-7092, 2001 WL 370090 (10th Cir. Apr. 12, 2001) (unpublished disposition).  Counsel then filed a detailed EAJA fee application seeking payment for 73.4 hours expended on the case in the district court and in this court, for a total of $10,088.20.  The Commissioner objected to parts of the application and sought a reduction of 33.8 hours.

The district court entered an order concluding that plaintiff was a prevailing party, that the government's position was not substantially justified, and that the amount requested was reasonable.  Somewhat mysteriously, however, the court then found plaintiff to be entitled to an EAJA fee award of only $6,019.80.  The court provided no explanation for this reduction.

Plaintiff moved for relief under Fed. R. Civ. P. 60 on the grounds that, in light of the court's conclusions, the amount of the award should have been the requested $10,088.20, or alternatively, the court erred in failing to offer any explanation for the amount it did award. The district court then entered a second order stating that the $6,019.80 award was based on the court's analysis of plaintiff's itemized statement and included "1.7 hours x $134.00 per hour in fees earned in 1999; 38.9 hours x $138.00 per hour in fees earned in 2000; and 3.00 hours x $141.00 per hour in fees earned in 2001." Aplt. Br., Ex. P. at 59. The only accompanying explanation consisted of statements that plaintiff was not entitled to fees for "work performed before the Social Security Administration prior to the filing of the [c]omplaint," nor was she "entitled to fees for redundant and unnecessary work." *Id.*

At the outset, we note what is not contested on appeal. The Commissioner concedes that plaintiff is a prevailing party and does not contend that the Commissioner's position was substantially justified. There is also no disagreement between the parties as to the applicable hourly rate. The Commissioner does not argue that plaintiff was less than fully successful, nor does she allege that counsel failed to keep adequate time records. Thus, the only issues before us are whether the district court erred in reducing counsel's time and, if so, what remedy is appropriate.

We review the district court's decision on the amount of the fee award for abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 571 (1988). That review is, of course, deferential. *See Webb v. Bd. of Educ.*, 471 U.S. 234, 244 (1985) (appropriate deference must be paid to district court's decision setting the amount of attorney fee award). A court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). "We will reverse the district court's determination only if we find a complete absence of a reasonable basis and are certain that the district court's decision is wrong." *Floyd v. Ortiz*, ___ F.3d ___, No. 01-1295, 2002 WL 1980462, at 3 (10th Cir. Aug. 28, 2002) (quotation marks and citation omitted).

In this case we are hampered by the district court's failure to provide more than a cryptic explanation for its determination. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (although district court has discretion in determining amount of fee award, "clear explanation of its reasons" remains important); *Craig v. Sec'y, Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989) (district court must explain reasons for fee award), *abrogated on other grounds by Gisbrecht v. Barnhart*, 122 S. Ct. 1817 (2002). This is not a case in which identifying the hours reasonably expended would be a practical impossibility, thereby justifying a general reduction. *See, e.g., Case v. Unified Sch. Dist.*

*No. 233* , 157 F.3d 1243, 1250 (10th Cir. 1998) (permitting general reduction of hours when sufficient reason exists for using this method).  On the other hand, given the close correspondence between the reduction in hours sought by the Commissioner and the court's award, we can look to the Commissioner's argument in district court to try to determine the basis of the court's decision.

For the year 1999, plaintiff requested payment for 2.6 hours.  The Commissioner objected to 0.9 of these as work done at the agency level and therefore not compensable by the district court.  But all the hours claimed were *after* the Appeals Council had denied plaintiff's petition for review, and thus *after* final agency action.  *See Qualls v. Apfel* , 206 F.3d 1368, 1371 (10th Cir. 2000) ("The Appeals Council denied plaintiff's petition for review, thereby making the ALJ's decision the final decision of the Commissioner . . . .").  The court reduced plaintiff's request by 0.9 hours with the statement that plaintiff was not entitled to fees for work performed prior to the filing of the complaint, relying on *White v. United States* , 740 F.2d 836, 841 (11th Cir. 1984); *Guthrie v. Schweiker,* 718 F.2d 104, 108 (4th Cir. 1983); and *Webb v. Bd. of Educ.* , 471 U.S. at 243.  Aplt. Br., Ex. P. at 59.  These cases do not, however, categorically exclude all work performed prior to the date a complaint is filed.

The court in *White* held that under the EAJA, "the first of any recoverable attorneys' fees are the costs of preparing and filing the petition or complaint that

commences the civil tax action." *White*, 740 F.2d at 842. Of course, such preparation predates the filing. As for *Guthrie,* although the court held that "fees cannot be allowed for services rendered in the administrative proceedings," it went on to say that the district court can take into account "services *in connection with the judicial proceedings*." *Guthrie*, 718 F.2d at 108 (emphasis added). The court did not say that it would exclude all services performed prior to filing the complaint.

*Webb* as well does not preclude fees for all pre-complaint work. The Supreme Court in *Webb* was called upon to determine whether, in awarding fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, the district court could properly exclude time spent pursuing optional administrative proceedings. *Webb*, 471 U.S. at 235-36. The parties had agreed on how much of the time claimed was spent in pursuit of administrative proceedings and how much was spent in connection with the court action. *Id.* at 238 n.6. The Court stated that the starting point for calculating the fee includes the time "reasonably expended on the litigation." *Id.* at 242 (internal quotation marks omitted). It further noted that some "services performed before . . . the filing of a complaint are performed 'on the litigation,'" including "the drafting of the initial pleadings and the work associated with the development of the theory of the case." *Id.* at 243. If anything, *Webb* provides more support for plaintiff here than for the

Commissioner. We conclude that the time for which plaintiff seeks compensation in 1999 is within the definition of work performed in preparation for litigation and is not work done in connection with proceedings before the agency.

Understanding the district court's rationale for awarding payment for work performed in 2000 is more difficult. The Commissioner's objection sought to reduce plaintiff's time for drafting the opening brief in district court (from 25.2 to 17.2 hours); for drafting the reply brief in district court (from 13 to 0 hours); for reviewing the magistrate judge's order affirming the Commissioner (from 0.2 to 0.1 hours); for conducting a final review and determination of whether to appeal that decision (from 2.3 to 0 hours); and for drafting the appellate brief (from 25.3 to 16 hours). Thus, the Commissioner offered her approval of 34.9 of the 67.6 hours plaintiff requested.

The district court authorized payment for 2000 for four hours more than the Commissioner approved (28.7 hours less than plaintiff asked). Since none of this time was for work done before the complaint was filed, we are left with the court's bare statement that plaintiff cannot be compensated for work that is redundant and unnecessary. The court offered no explanation as to which hours for which tasks counsel could not be compensated.

Rather than remand for a statement of the court's reasons, however, we will consider the Commissioner's arguments and assess the fee ourselves. We do so

for two reasons. First, litigation over attorney fees is singularly unproductive. The Supreme Court has advised against the battle over such fees becoming a "second major litigation." *Hensley,* 461 U.S. at 437 Second, this is not a case where the district court has any particular advantage over this court in assessing fees. The hourly rate is undisputed. And because the attorney's work in court was entirely on paper, the district court cannot be said to have "observe[d] the attorney's work and [thus have] far better means of knowing what is just and reasonable" than does this court. *See Anderson v. Sec'y of Health & Human Servs.*, 80 F.3d 1500, 1504 (10th Cir. 1996) (internal quotation marks omitted).

Because counsel has provided sufficient detail for the time spent, this court can determine the reasonableness of the fee request in much the same way we analyze and evaluate requests for time spent on appeal when counsel requests payment under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A. Both the EAJA and the CJA application requests incorporate the requirement that the time be reasonably expended. In addition, plaintiff has attached to her brief all the actual documents produced as the result of counsel's labors. *See Weakley v. Bowen*, 803 F.2d 575, 579-80 (10th Cir. 1986) (appellate court awards EAJA fees for 11.25 hours in district court and 56 hours on appeal as reasonable amounts); *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1205 (10th Cir. 1986) (awarding attorney fees for four hours of post-trial work, rather than remanding matter to

district court); *cf. Cooper v. United States R.R. Ret. Bd.*, 24 F.3d 1414, 1417-18 (D.C. Cir. 1994) (evaluating reasonableness of fees sought in EAJA application submitted to circuit court).

Turning to the specifics of this case, the Commissioner's objection to 8 of the 25.2 hours spent on plaintiff's opening district court brief is without foundation. Contrary to the Commissioner's suggestion, counsel's time spent researching and analyzing the issues presented in the opening brief was not merely duplication of the time counsel spent presenting petitioner's challenges to the Appeals Council. Plaintiff's request for 25.2 hours is well within the bounds of reasonable and necessary time spent on this activity. The Commissioner further suggested that plaintiff's reply brief was merely a repetition of her opening brief and, therefore, none of the 13 hours requested should be allowed. Again, we disagree. The reply brief addressed the Commissioner's response brief, emphasizing the administrative law judge's errors. This time was neither unnecessary nor redundant. Finally, we reject the requested reduction of 2.4 hours for time spent on review and analysis of the district court's orders. We expect counsel to spend time reviewing a district court's order in determining whether to appeal that order. Having reviewed plaintiff's pleadings, this court believes that the time expended on their preparation was reasonable.

Most puzzling is the district court's award of only 3 of the 3.2 hours requested for work performed in 2001. The Commissioner did not specifically object to any of the time spent in 2001, nor did the district court explain the reduction. Perhaps the court was adjusting for the mathematical error the Commissioner made when she sought a total reduction of 33.8 hours but listed particular reductions that totaled only 33.6 hours. In any event, we see no basis for the reduction.

In summary, we have independently reviewed the fees sought and find them well within the bounds of reasonableness. *See also Ohlander v. Larson*, 114 F.3d 1531, 1538 (10th Cir. 1997) (holding that remand not necessary although district court failed to apply correct legal standard, because no dispute as to underlying facts and interests of judicial economy and efficiency support deciding matter).

Accordingly, the district court's fee orders are REVERSED, and the matter is REMANDED to the district court with directions to award payment under the EAJA as requested by plaintiff.

Entered for the Court

Harris L Hartz
Circuit Judge

-10-